HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ERWIN SINGH BRAICH,

    Plaintiff,

v.

STEVE MITTELSTAEDT; KEITH M. OLSON; THE CITY OF BELLINGHAM; TYLER LETEY; SHREE SHARMA; THE STATE OF WASHINGTON; BRIAN G. McLEAN; McLEAN & ARMSTRONG; ROBERT RUSKO; DAVID WOOD; KPMG, INC.; KPMG LLP; RCMP SARGEANT TIM ALDER; THE GOVERNMENT OF CANADA; and JOHN/JANE DOES 1-10,

    Defendants.

No. 2:07-cv-00177-JCC

KPMG DEFENDANTS' MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
May 11, 2007

## I. INTRODUCTION

In 1999, the Supreme Court of British Columbia appointed KPMG Inc. to administer the bankruptcy estate of the plaintiff in this action, Erwin Braich. Pursuant to the authority granted by that Court, KPMG Inc. faithfully administered Braich's bankruptcy estate. Braich, however, refused to participate in his bankruptcy proceedings. Braich's willful and ongoing noncompliance led the Supreme Court of British Columbia in

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

Bankruptcy to issue a warrant for Braich's arrest. In addition, seven charges were asserted against Braich for violations of Canada's Bankruptcy and Insolvency Act ("BIA"). Those charges remain outstanding and are scheduled to be heard in British Columbia Provincial Criminal Court in October of 2007.

Instead of abiding by Canadian law and participating in the bankruptcy proceedings, Braich, who in these proceedings asserts his Canadian citizenship and British Columbia residency, improperly is attempting to invoke this Court's jurisdiction to assert frivolous and vexatious claims against KPMG Inc., its agents, and owner. Under applicable Canadian law, Braich must obtain leave of the presiding bankruptcy court (in this case the Supreme Court of British Columbia) to sue a bankruptcy trustee, as well as the trustee's servants or agents. Braich having failed to meet a mandatory prerequisite to this lawsuit, this Court lacks subject matter jurisdiction over his claims against KMPG Inc., its agents, and owner.

Pursuant to Fed. R. Civ. P. 12(b)(1), Braich's claims against KMPG and its agents must be dismissed. At a minimum, this Court should stay this matter as to KPMG Inc., its agents, and owner pending the Canadian court's resolution of whether Braich may bring his claims against those parties. Alternatively, this motion should be dismissed as to certain defendants for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5).

## II.     BACKGROUND

Plaintiff Erwin Braich ("Braich") brings this action against an array of defendants, including the Government of Canada, the City of Bellingham, Washington State, various Washington State employees, employees of the United States Department of Homeland Security, and even a member of the Royal Canadian Mounted Police, among others. Braich has asserted twenty-three (23) independent causes of action against the defendants for violation of the United States Constitution, violation of federal and state law, and various common law torts. Although Braich's allegations are wide-ranging, the gist of his Complaint is that the defendants have engaged in a vast, cross-border conspiracy to deprive Braich of

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 2

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

rights and property. Braich seeks damages "in excess of $500,000,000 (five hundred million dollars.)" Complaint ¶ 10.

Braich is in involuntary bankruptcy proceedings in Canada. Declaration of Robert Rusko ("Rusko Decl.") ¶ 3. In 1999, the Honorable Justice Lowry of the Supreme Court of British Columbia appointed KPMG Inc., a Canadian corporation, as trustee of Braich's Canadian bankruptcy proceedings.[1] *Id.* ¶ 3 & Ex. A. Defendant KPMG LLP is a limited liability partnership that owns KPMG Inc. (KPMG Inc. and KPMG LLP collectively are referred to as "KPMG"). *Id.* ¶ 2. Defendant Robert Rusko was an officer of KPMG Inc. during the time relevant to Braich's allegations, and remains an officer of KMPG Inc. today.[2] *Id.* ¶ 3. Defendant David Wood was an employee of KPMG during the time relevant to Braich's allegations. *Id.* (KPMG Inc., KPMG LLP, Robert Rusko, and David Wood collectively are referred to as the "KPMG Defendants.").

Braich remains an undischarged bankrupt in the Canadian bankruptcy proceedings, which currently are pending before the Supreme Court of British Columbia. *Id.* ¶ 9. Despite direct orders of the Supreme Court of British Columbia, Braich has not meaningfully participated in those proceedings. *Id.* ¶¶ 4-5, 8-9 & Exs. B, E. Indeed, in October of 2001, the Honorable Justice Morrison of the Supreme Court of British Columbia issued a warrant

---

[1] The receiving order issued by the British Columbia Supreme Court states in part "that Robert Rusko, of KPMG Inc., in the province of British Columbia, be appointed as trustee of the estate of the bankrupt." Rusko Decl. Ex. A. To the extent this might be construed as appointing defendant Robert Rusko as trustee personally, it appears to be a drafting error on the part of the court, as subsequent court orders and acts of all parties to the Braich bankruptcy proceeding, including Braich, demonstrate that KPMG Inc. is the trustee of Braich's bankruptcy estate. For example, the court's September 12, 2000 order states that KPMG Inc. is "the Trustee of Erwin Singh Braich in bankruptcy," as does the Court's October 10, 2001 order and arrest warrant. *See* Rusko Decl. Exs. B-C. The court's March 31, 2004 order, which was signed by counsel for Braich, does the same. *See* Rusko Decl. Ex. E. A consent letter dated June 16, 1999, several months before the court appointed the trustee, indicates that KPMG Inc. was consenting to serve as trustee for that bankrupt estate. *See* Rusko Decl. Ex. F. Indeed, even Braich alleges in his complaint that KPMG Inc. was the trustee in Braich's bankruptcy proceedings. *See* Complaint ¶¶ 25-27, 43.

[2] Rusko is also a partner of KPMG LLP. Rusko Decl. ¶ 3.

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 3

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

for Braich's arrest and detention.[3] *See id.* Ex. C. The court found that, in violation of the BIA, Braich had failed to attend a creditors' meeting, failed to deliver to the trustee in bankruptcy books and records, failed to provide the trustee in bankruptcy with a statement of affairs, failed to attend an examination, failed to advise the trustee in bankruptcy of his place of residence, and failed to perform other duties required of a bankrupt under Canadian law. *Id.* Two and a half years after Justice Morrison issued the arrest warrant, the warrant was vacated, conditioned upon Braich's compliance with various provisions of the Bankruptcy Act. *See id.* Ex. E. Braich, however, has failed to comply with that court order.[4] *Id.* ¶¶ 8-9.

At all times since KPMG Inc.'s appointment as trustee in bankruptcy, the KPMG Defendants have acted in furtherance of KPMG Inc.'s duties as an officer of the court in Braich's Canadian bankruptcy proceedings. *See id.* Ex. A. Braich did not appeal the numerous court orders under which KPMG Inc., acting as an officer of the Supreme Court of British Columbia, administered his bankrupt estate. *Id.* ¶ 9. In this action, however, Braich alleges that the KPMG Defendants have acted in furtherance of KPMG Inc.'s role as trustee in bankruptcy and are liable for those acts:

- "Defendant Robert Rusko at all times relevant to this Complaint . . . was acting within the scope and course of his employment as an employee of KPMG Inc., in its role as Trustee of the bankruptcy of Erwin Singh Braich." Complaint ¶ 25.

- "Defendant David Wood, at all times relevant to this Complaint . . . was acting within the scope and course of his employment as an employee of KPMG Inc., in its role as Trustee of the bankruptcy of Erwin Singh Braich." Complaint ¶ 26.

---

[3] Similarly, in 2002, a Canadian Justice of the Peace issued a warrant for Braich's arrest following the assertion of charges for alleged violations of the BIA. *See* Rusko Decl. Ex. D. The return for that warrant indicates it was not served "because the accused is evading service." *Id.* Those charges remain outstanding and are scheduled to be heard in British Columbia Provincial Criminal Court in October of 2007. *Id.* ¶ 6.

[4] Braich's failures to comply with the BIA are numerous. Among other failures to comply with the BIA, Braich has provided only an inadequate preliminary statement of financial information, did not provide assistance in developing an inventory of his assets, did not inform the trustee of his bankruptcy estate of any material changes in his financial position, and did not attend an examination before the Official Receiver. Rusko Decl. ¶¶ 7-8.

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

- "At all times relevant to this Complaint, KPMG Inc., had an agency relationship with the Government of Canada, for the purpose of performing its duties within the scope of its Bankruptcy Trustee activities. KPMG Inc. is liable for the acts of its partners, employees, agents, and contractors . . . under the doctrine of respondeat superior or by estoppel." Complaint ¶ 27.

Allegedly arising from the KPMG Defendants' acts in furtherance of KPMG Inc.'s role as trustee of Braich's bankrupt estate, Braich asserts three claims against the KPMG Defendants: (1) conspiracy to deprive civil rights in violation of 42 U.S.C. § 1985 (first claim), (2) violation of the Alien Tort Claims Act, 28 U.S.C. § 1350 (ninth claim), and (3) declaratory and injunctive relief (twenty third claim). Complaint ¶¶ 168-76; 237-46; 313-14.

Braich did not seek leave of the court presiding over his Canadian bankruptcy proceedings to bring these claims against the trustee in bankruptcy, KPMG Inc., or its officers, employees (current or former), or owner, KPMG LLP. Rusko Decl. ¶ 10. Having recently learned of Braich's lawsuit, the KPMG Defendants intend to seek a declaration from the Supreme Court of British Columbia that Braich lacks authority to assert claims against them and an injunction enjoining him from doing so. *Id.*

### III.   ARGUMENT

**A.      Fed. R. Civ. P. 12(b)(1) Standard.**

Pursuant to Fed. R. Civ. P. 12(b)(1) a court must dismiss a lawsuit when it lacks jurisdiction over the subject matter of the action. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* The burden of establishing jurisdiction rests with the party seeking to invoke it. *Id.*

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1) the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 5

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 561 (9th Cir. 1988).

**B.     Determination of Canadian Law.**

Fed. R. Civ. P. 44.1 provides this Court broad discretion to determine foreign law. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2444 (2007 update). "Matters of foreign law may be determined by the court, which may consider any relevant material or source, including testimony." *Reebok Int'l Limited v. McLaughlin*, 49 F.3d 1387, 1392 n.4 (9th Cir. 1995). "Although, pursuant to Rule 44.1, courts may ascertain foreign law through numerous means, expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law." *Universe Sales Co, Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999).

In support of this motion to dismiss, the KPMG Defendants submit the expert declaration of Douglas I. Knowles. *See* Declaration of Douglas I. Knowles ("Knowles Decl."). Mr. Knowles is the Chair of the National Insolvency and Workout Group of Fraser Milner Casgrain LLP, one of Canada's preeminent law firms. Knowles Decl. ¶ 2. Mr. Knolwes has practiced in the insolvency and workout field for more than 30 years, and is extremely familiar with applicable Canadian bankruptcy and insolvency law, including the procedures a Canadian bankrupt must follow to bring a claim against the trustee administering the bankrupt's estate. *Id.* The law discussed by Mr. Knowles, including statutes and judicial opinions, are attached as exhibits to Mr. Knowles' Declaration. *See id.* Exs. B-G.

**C.     Absent Leave of the Court Presiding over Braich's Bankruptcy Proceeding to Bring this Action against the KPMG Defendants, Braich's Claims are Barred.**

When a plaintiff fails to meet a prerequisite to filing a lawsuit, the court lacks subject matter jurisdiction and the plaintiff's complaint must be dismissed. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Southwest Center for Biological Diversity v. U.S.*

NO. 2:07-cv-00177-JCC – Page 6

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

*Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) (plaintiff's failure to comply with notice prerequisite is "absolute bar" to lawsuit); *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1355 (9th Cir. 1995) (plaintiff's failure to comply with notice prerequisite deprives court of subject matter jurisdiction); *Caton v. United States*, 495 F.2d 635, 638-39 (9th Cir. 1974) (plaintiff's failure to meet statute's pre-lawsuit requirements deprives court of subject matter jurisdiction).

As an undischarged bankrupt, Braich plainly has violated the BIA by asserting claims in this action against KPMG Inc., Braich's bankruptcy trustee, and KPMG Inc.'s agents and owner without seeking leave of the presiding bankruptcy court. *See generally* Knowles Decl. ¶¶ 3-14.

In Canada, a bankruptcy trustee acts as an officer of the court in its administration of the bankrupt estate. *See Beetown Honey Prods. Inc. (Re)*, [2003] O.J. No. 3853 (S.C.J.), *aff'd* [2004] O.J. No. 4329 (C.A.) (attached as Exhibit B to Knowles Decl.). Bankruptcy trustees are protected by Section 215 of the BIA, which provides as follows:

> **No action against Superintendent, etc., without leave of court** – Except by leave of the court, no action lies against the Superintendent, an official receiver, and interim receiver or a <u>trustee</u> with respect to any report made under, or <u>any action taken pursuant to, this Act</u>.

BIA § 215, R.S.C. 1985, c. B-3 (emphases added) (attached as Exhibit D to Knowles Decl.).

The purpose of this statute is to protect bankruptcy trustees, who are charged with administering the BIA, from actions that have not been sanctioned by the court. *383321 Ontario Ltd. v. Wilanour Resources Ltd.*, [1982] O.J. 2432 at ¶ 18 (H.C.J.) (attached as Exhibit E to Knowles Decl.). Specifically, the section is directed toward protecting trustees from claims that have no basis in fact. *Mancini (Trustee of) v. Falconi*, [1989] O.J. No. 1407 (H.C.J.) (attached as Exhibit E to Knowles Decl.).

Leave should be sought from the court presiding over the bankruptcy action:

> [T]he cases lean more toward the granting of leave by the court of original jurisdiction in the bankruptcy. In addition, as a practical matter, <u>I find that the court of the originating jurisdiction should be the court to grant leave,</u>

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 7

**Yarmuth Wilsdon Calfo pllc**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

> as it has an overall knowledge of the affairs of the bankrupt. It is that court that should determine if leave should be granted to commence an action against the trustee in bankruptcy as proposed by the plaintiff, and whether such action should be brought as part of the existing action . . . or in a new action . . . .

*Totalline Transport Inc. v. Caron Belanger Ernst & Young Inc.*, [1999] O.J. No. 660 at ¶ 8 (Gen. Div.) (emphasis added) (attached as Exhibit F to Knowles Decl.).

Leave for a bankrupt to pursue a claim against the trustee in bankruptcy will not be granted unless there is a *prima facie* foundation for the claim and the court finds that the claim is not frivolous or vexatious. *477470 Alberta Ltd. (c.o.b. Northern Sky Aviation/Smart Sky) (Re)*, [2005] A.J. No. 938 at ¶ 22 (Q.B.). Simply asserting a colorable claim is not sufficient; the potential plaintiff must demonstrate that the evidence discloses a "reasonable cause of action." *Down v. Arthur Andersen Inc.*, [2003] B.C.J. No. 1945 at ¶ 6 (S.C.) (attached as Exhibit F to Knowles Decl.). To disclose a reasonable cause of action, the pleadings must be supported by material facts. *MacCulloch v. MacCulloch Estate (Trustee of)*, [1992] N.S.J. No. 309 (S.C.). Further, leave will not be granted without evidence that the potential plaintiff has in fact suffered a loss. *Down* at ¶ 26 (dismissing application for leave to file proposed conspiracy claim on basis that applicant had failed to show claim was not frivolous and vexatious or that he had suffered damages) (attached as Exhibit F to Knowles Decl.).

Consistent with the policy goals of BIA Section 215, leave to sue will not be granted where the acts complained of constitute normal conduct of a trustee or when the evidence shows that the trustee was carrying out its duties and responsibilities under the BIA when the conduct complained of occurred. *Nicholas v. Anderson*, [1996] O.J. No. 1068 at ¶ 33 (Gen. Div.) (attached as Exhibit F to Knowles Decl.); *Perez v. Deloitte & Touche Inc.*, [1997] O.J. No. 3623 at ¶ 21 (Gen. Div.) (attached as Exhibit F to Knowles Decl.).

Likely because Braich knows he cannot meet the standard required by Canadian law, Braich filed this lawsuit against the KPMG Defendants in the United States instead of

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 8

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

seeking leave from the court presiding over his bankruptcy proceeding. *See* Rusko Decl. ¶ 10. As Braich has failed to meet this prerequisite to suing the KPMG Defendants, this Court lacks subject matter jurisdiction and the claims against the KPMG Defendants must be dismissed. *See McNeil*, 508 U.S. at 113; *Southwest Center for Biological Diversity*, 143 F.3d at 520; *Washington Trout*, 45 F.3d at 1355; *Caton*, 495 F.2d at 638-39.

United States Courts have recognized the need to "accord comity to a foreign insolvency proceeding . . . to enable 'the assets of a debtor to be disbursed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic or piecemeal fashion.'" *Petition of Davis*, 191 B.R. 577, 586 (Bankr. S.D.N.Y. 1996) (quoting *Cunard S.S. Co., Ltd. v. Salen Reefer Servs. A.B.*, 773 F.2d 452, 457-58 (2d Cir. 1985)). For similar reasons, this Court should respect and enforce Section 215 of the BIA here.

The *Petition of Davis* case is instructive. In *Petition of Davis*, a creditor of two Canadian bankrupts sued in United States District Court both the bankrupts and the bankrupts' trustee. *Id.* at 581. The creditor alleged that, in the context of the bankrupts' Canadian bankruptcy proceedings, the trustee and the bankrupts "participated in an intricate, continuing scheme to defraud" the creditor. *Id.* Invoking Section 215 of the BIA, the trustee moved to dismiss the creditor's action. *Id.* Perhaps recognizing the futility of asserting a claim in plain violation of the BIA Section 215, the creditor voluntarily dismissed his action. *Id.* The creditor did, however, articulate an intention to sue the trustee for claims arising prior to his appointment as trustee in the Canadian bankruptcy proceedings. *Id.* The trustee then sued in United States Bankruptcy Court for an injunction enjoining the creditor from pursuing in the United States any suits against him or the bankrupts and requiring that the creditor pursue any claims in Canadian courts. *Id.* at 582.

The *Petition of Davis* Court granted the trustee's petition and enjoined the creditor from suing the trustee in the United States. The court observed:

> [T]he scope of the protection afforded petitioner under BIA § 215 is likely to be an issue in any litigation brought by Glorioso [the creditor] against

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 9

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

> Petitioner. The Canadian Court is best able to determine the extent to which Petitioner's actions will be immunized by BIA § 215 and to balance Glorioso's rights against the impact of their exercise on the debtors' estates and other creditors. That is another reason to enjoin litigation in the United States against Petitioner.

*Id.* at 585. The court also recognized the "disruptive effect that litigation is likely to have on the administration of [the bankrupts'] estates." *Id.*

The *Petition of Davis* Court permanently enjoined a creditor's prospective suit against the trustee, even when the creditor's prospective lawsuit would have been limited to claims arising from actions pre-dating the trustee's appointment in the Canadian bankruptcy proceedings. *Id.* at 587. The relief sought by the KPMG Defendants here is far less severe, yet arises from Braich's more egregiously improper conduct. Dismissal is particularly appropriate here given Braich's duplicitous, improper litigation tactics. As described above, Braich's claims against the KPMG Defendants arise, by his own admission, from alleged actions undertaken in furtherance of KPMG Inc.'s duties to administer Braich's bankruptcy estate. *See* Complaint ¶¶ 25-27; *see also* ¶¶ 113-16, 143 (alleging the KPMG Defendants' actions in connection with KPMG Inc.'s duties as administrator of Braich's bankruptcy estate). The KMPG Defendants vigorously deny Braich's allegations. In all of its (and its agents') actions with respect to Braich's bankruptcy proceeding, KPMG Inc. acted as an officer of the Supreme Court of British Columbia.[5] *Beetown Honey Prods. Inc. (Re)*, [2003] O.J. No. 3852 (S.C.J.), *aff'd* [2004] O.J. No. 4329 (C.A.) (attached as Exhibit B to Knowles

---

[5] Section 215's requirement that leave of court be obtained prior to bringing an action against a bankruptcy trustee also applies to claims against agents of that trustee. *See* Knowles Decl. ¶ 10. Because a corporate entity may act only through individuals, permitting a bankrupt to bring an action against a bankruptcy trustee's individual agents would allow the bankrupt to do indirectly what he cannot do directly, namely sue a trustee without leave of court. *Id.* Similarly, permitting a bankrupt to bring an action against a bankruptcy trustee's owner would allow the bankrupt to do indirectly what he cannot do directly. *Id.* ¶ 11. Furthermore, to sustain an action against an individual personally, the alleged tort must be that of the personal defendant and the allegations must show an identity or interest separate from that of the company. *See Rafiki Properties Limited v. Integrated Housing Development Ltd.* [1999] B.C.J. No. 243 (S.C) (attached as Exhibit G to Knowles Decl.); *Jam's International Ventures v. Westbank Holdings Ltd.* (April 2, 2003) 2003 BCCA 232 (attached as Exhibit G to Knowles Decl.). Given Braich's allegations that Rusko and Wood were at all relevant times acting within the scope of their employment with KPMG and that KPMG was in turn acting within the scope of its role as Trustee, Braich's complaint fails to meet this test. *See* Complaint ¶¶ 25-27, 113-16, 143.

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 10

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

Decl.). Those actions were specifically authorized by the Supreme Court of British Columbia.[6] *See* Rusko Decl. ¶¶ 3-9 & Exs. A-B, E. If Braich believed those orders were granted improvidently or carried out improperly, his redress lay with appeal in Canada. But Braich did not appeal. *Id.* ¶ 9. Instead, he simply refused to participate meaningfully in the bankruptcy proceedings. Rusko Decl. ¶¶ 4-5, 7-8. Braich later brought this claim against the KPMG Defendants without obtaining leave of court as required by Canadian law. *Id.* ¶ 10. This Court should not countenance Braich's abuse of the judicial process, and his claims against the KPMG Defendants should be dismissed.

**D.  At a Minimum, this Action Should be Stayed as to the KPMG Defendants Pending the Canadian Court's Resolution of the KPMG Defendants' Claim for Declaratory and Injunctive Relief.**

Braich's allegations against the KPMG Defendants arise from their actions in furtherance of KPMG Inc.'s administration of Braich's bankruptcy estate. *See* Complaint ¶¶ 25-27, 113-16, 143. KPMG Inc. undertook these actions as an appointed officer of the Supreme Court of British Columbia. Rusko Decl. ¶¶ 3, 9 & Ex. A; *see also Beetown Honey Prods. Inc. (Re)*, [2003] O.J. No. 3853 (S.C.J.), *aff'd* [2004] O.J. No. 4329 (C.A.) (attached as Exhibit B to Knowles Decl.) As described above, rather than address KPMG Inc.'s actions (and the actions of its agents) in Canada, Braich improperly asks this Court to sit in judgment of those judicially authorized actions.

Although Braich has refused to participate meaningfully in the Canadian bankruptcy proceedings, KPMG intends promptly to seek a determination from the Supreme Court of British Columbia as to whether, under the BIA, Braich may continue his claim against the

---

[6] Braich's primary complaint regarding the KPMG Defendants appears to arise from their efforts to obtain Braich's records from the Washington Department of Financial Institutions. *See* Complaint ¶¶ 113, 129. But these actions, if they were undertaken at all, were undertaken under the express authority granted by Canadian law. The BIA provides that "[t]he trustee shall, as soon as possible, take possession of the deeds, books, records and documents and all property of the bankrupt and make an inventory, and for the purpose of making an inventory the trustee is entitled to enter, subject to subsection (3.1), on any premises on which the deeds, books, records, documents or property of the bankrupt may be, notwithstanding that they may be in possession of a sheriff, a secured creditor or other claimant thereto." BIA § 16(3), R.S.C. 1985, c. B-3 (attached as Exhibit C to Knowles Decl.).

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 11

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

trustee of his bankruptcy estate. Rusko Decl. ¶ 10. Comity principles favor this Court's abstention in this matter, at least pending the Canadian court's resolution of whether Braich may bring this claim. "Comity is the 'recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.'" *Petition of Davis*, 191 B.R. at 586 (quoting *Hilton v. Guyot*, 159 U.S. 113 (1895)).

> [U]nder general principles of comity as well as the specific provisions of [the United States Bankruptcy Code] federal courts will recognize foreign bankruptcy proceedings provided the foreign laws comport with due process and fairly treat the claims of local creditors.

*Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). Courts have long recognized that Canadian bankruptcy proceedings meet this standard. *Petition of Davis*, 191 B.R. at 587. United States courts "uniformly grant comity to Canadian proceedings." *Id.* (citing *Canada Southern R. Co. v. Gebhard*, 109 U.S. 527, 539-40 (1893); *Cornfield v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1260-62 (S.D.N.Y.), *aff'd*, 614 F.2d 1286 (2d Cir. 1979); *Caddel v. Clariton Corp.*, 105 B.R. 366 (N.D. Tex. 1989)).

International comity concerns are particularly applicable here because all of the KPMG Defendants' conduct was undertaken in furtherance of KPMG Inc.'s duties as an officer of the Supreme Court of British Columbia. Rusko Decl. ¶¶ 3, 9 & Ex. A; *Beetown Honey Products Inc. (Re)*, [2003] O.J. No. 3853 (S.C.J), *aff'd* [2004] O.J. No. 4329 (C.A.) (attached as Exhibit B to Knowles Decl.). Braich's complaint alleges that the KPMG Defendants acted as agents and under the authority of the Government of Canada. *See* Complaint ¶ 144. Because both the declaratory and injunctive relief Braich seeks for his claims relating to the KPMG Defendants' activities would require this Court to declare invalid the Canadian government's official acts, comity demands that this Court stay these proceedings pending the Supreme Court of British Columbia's consideration of whether

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 12

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  Braich should be able to assert claims against the trustee of his bankrupt estate, and that
2  trustee's agents and owner.
3     Indeed, Canadian courts presented with cases for which the plaintiff has not yet
4  obtained leave to sue a trustee have stayed those proceedings pending resolution by the sister
5  court presiding over the bankruptcy as to whether leave to sue should be granted. *See*
6  *Totalline Transport* at ¶ 17 (attached as Exhibit F to Knowles Decl.).

7  **E.  If This Matter is not Dismissed for Lack of Subject Matter Jurisdiction or Stayed Pending Canadian Court Action, Braich's Complaint Should be Dismissed as to KPMG Inc. for Insufficiency of Service of Process.**
8

9     Because Braich has not filed any returns of service, it is not possible to discern
10 which, if any, of the KPMG Defendants he believes validly have been served with a
11 Summons and Complaint. Although Braich appears to have attempted to serve KPMG Inc.,
12 that service was insufficient.[7]
13    On Friday, March 30, 2006, a sheriff appeared at the shared offices of KPMG Inc.
14 and KPMG LLP. Declaration of Norm Mayr ("Mayr Decl.") ¶ 3. The sheriff handed Mayr a
15 package of materials. *Id.* In that package, Mayr found a United States Department of Justice
16 Request for Service Abroad of Judicial or Extrajudicial Documents, a Summons in a Civil
17 Action issued by the United States District Court for the Western District of Washington, and
18 a Complaint by the plaintiff in this matter, Erwin Singh Braich. *Id.* ¶ 3 & Exs. A-B. The
19 Summons was addressed to "KPMG Inc." *Id.* ¶ 4 & Ex. A. Similarly, the Request for
20 Service Abroad indicates that the documents are intended for "KPMG Inc." *Id.* ¶ 4 & Ex. B.
21    Mayr is a partner of KPMG LLP, but is not an officer or employee of KPMG Inc.
22 *Id.* ¶ 2. Mayr is not authorized by KPMG Inc. to accept service on its behalf. *Id.* ¶ 5.

---

[7] Braich appears not to have yet attempted to serve defendants KPMG LLP or Rusko. Again, absent returns of service, it is not possible to discern which, if any, of the KPMG Defendants Braich believes validly have been served with a Summons and Complaint. This basis for a motion to dismiss not yet being "ripe" as to KPMG LLP and Rusko, those defendants cannot yet bring a Fed. R. Civ. P. 12(b)(5) motion to dismiss for insufficiency of service of process. KPMG LLP and Rusko reserve their rights to file a motion to dismiss for insufficiency of service of process should the grounds for such a motion ripen.

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 13

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

Fed. R. Civ. P. 4(i) provides that service upon a foreign corporation may be effected as prescribed for individuals in a foreign country under Fed. R. Civ. P. 4(f).[8] Fed. R. Civ. P. 4(f) in turn provides that service may be effected by any internationally agreed means, such as by means authorized by the Hague Convention, or in the manner prescribed by the law of the foreign country for service in that country in an action in a court of general jurisdiction.[9] The Request for Service Abroad delivered to Mayr states that the service is being effected "in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the [Hague] Convention." *See* Mayr Ex. A. Article 5(a) of the Hague Convention provides that service may be effected "by a method prescribed by [Canada's] internal law for the service of documents in domestic actions upon persons who are within its territory." Therefore, under Fed. R. Civ. P. 4(f), KPMG Inc. need have been served in accordance with Canadian law.

Rule 11(2)(b) ("Service and Delivery of Documents") of the British Columbia Supreme Court Rules of Court provides that service of a summons upon an corporation may be effected

> By leaving a copy of the document with the president, chairman, mayor or other chief officer of the corporation, or with the city or municipal clerk, or with the manager, cashier, superintendent, treasurer, secretary, clerk or agent of the corporation or of any branch or agency of the corporation in the Province, or in the manner provided by the Business Corporations Act or any enactment relating to the service of process, and, for the purpose of serving a document upon a corporation whose chief place of business is outside British Columbia, every person who, within the Province, transacts or carries on any of the business of, or any business for, that corporation shall be deemed its agent.

The relevant portion of the Business Corporations Act provides that records may be served on an extraprovincial company:

> by serving any attorney for the extraprovincial company or, without limiting this, by delivering the records to the delivery address, or by mailing it by

---

[8] Fed. R. Civ. P. 4(i) specifically excepts the individual service provisions of Fed. R. Civ. P. 4(f)(2)(C)(i).

[9] Fed. R. Civ. P. 4(i) provides some limited other means of service, which are not applicable here. *See* Fed. R. Civ. P. 4(i)(2)(B), (C)(ii), (3).

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 14

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

registered mail to the mailing address, shown for any attorney for the extraprovincial company in the corporate register.

Business Corporations Act § 9(2)(b). Mayr is not an officer or employee of KMPG Inc., nor is he otherwise authorized to accept service on KPMG Inc.'s behalf. Mayr Decl. ¶¶ 2, 5. Further, although the Summons and Complaint were delivered to KPMG Inc.'s delivery address, it was not "shown for" (addressed to) any attorney for the company. Having not caused the Summons and Complaint to be delivered to an individual authorized by Canadian law to accept service on KPMG Inc.'s behalf, nor having addressed the delivered Summons and Complaint to an attorney for the company, Braich's service of those documents upon KPMG Inc. was insufficient under Canadian law, and therefore ineffective under Fed. R. Civ. P. 4 and the Hague Convention.

Fed. R. Civ. P. 12(b)(5) permits a court to dismiss an action for insufficiency of service of process. Braich's service of process upon KMPG Inc. being ineffective under applicable law, this matter should be dismissed as to KPMG Inc. Alternatively, that service should be quashed. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

//
//
//
//
//
//
//
//
//
//
//
//

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 15

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

## IV.  CONCLUSION

For the foregoing reasons, Braich's claims against the KPMG Defendants should be dismissed. At a minimum, the action must be stayed as to the KPMG Defendants pending the Supreme Court of British Columbia's determination of whether Braich may bring claims against the trustee of his bankruptcy estate. Alternatively, if the matter is not dismissed for lack of subject matter jurisdiction or stayed, Braich's Complaint Should be Dismissed as to KPMG Inc. for Insufficiency of Service of Process.

A proposed order is submitted herewith.

DATED: April 19, 2007.          YARMUTH WILSDON CALFO PLLC

By: /s/ Harold A. Malkin
   Harold A. Malkin, WSBA No. 30986
   Jeremy E. Roller, WSBA No. 32021
Fourth & Madison
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Phone: (206) 516-3800
Fax:    (206) 516-3888
Email: hmalkin@yarmuth.com
       jroller@yarmuth.com

Attorneys for KPMG Inc., KPMG LLP, Robert Rusko, and David Wood

474.01 hd191507 4/19/07

KPMG DEFENDANTS' MOTION TO DISMISS
NO. 2:07-cv-00177-JCC – Page 16

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888