# PART I — ADMINISTRATIVE OFFICIALS

## *Superintendent*

**5. (1) Appointment** — The Governor in Council shall appoint a Superintendent of Bankruptcy to hold office during pleasure who shall be paid such salary as the Governor in Council may fix.





**(2) Extent of supervision** — The Superintendent shall supervise the administration of all estates and matters to which this Act applies.

**(3) Duties** — The Superintendent shall, without limiting the authority conferred by subsection (2),

  (a) receive applications for licences to act as trustees under this Act and issue licences to persons whose applications have been approved;

  (b) [Repealed 1992, c. 27, s. 5(2).]



  (c) where not otherwise provided for, require the deposit of one or more continuing guaranty bonds or continuing suretyships as security for the due accounting of all property received by trustees and for the due and faithful performance by them of their duties in the administration of estates to which they are appointed, in any amount that the Superintendent may determine, which amount may be increased or decreased as the Superintendent may deem expedient, and the security shall be in a form satisfactory to the Superintendent and may be enforced by the Superintendent for the benefit of the creditors;

  (d) [Repealed 1992, c. 27, s. 5(3).]

  (e) from time to time make or cause to be made such inspection or investigation of estates or other matters to which this Act applies, including the conduct of a trustee or a trustee acting as a receiver or interim receiver, as the Superintendent may

23

S. 5(3)(e)            Bankruptcy and Insolvency Act

deem expedient and for the purpose of the inspection or investigation the Superintendent or any person appointed by the Superintendent for the purpose shall have access to and the right to examine and make copies of all books, records, data, including data in electronic form, documents and papers pertaining or relating to any estate or other matter to which this Act applies;

> **Proposed Amendment — 5(3)(e)**
>
> (e) from time to time, make or cause to be made any inquiry or investigation of estates or other matters to which this Act applies, including the conduct of a trustee or of a trustee acting as a receiver, within the meaning of subsection 243(2), or as an interim receiver, that the Superintendent considers appropriate, and for the purpose of the inquiry or investigation the Superintendent or any person appointed by the Superintendent for this purpose shall have access to and the right to examine and make copies of all books, records, data, including data in electronic form, documents and papers that are relevant to the inquiry or investigation pertaining or relating to any estate or other matter to which this Act applies;
>
> 2005, c. 47, s. 6(2) [Not in force at date of publication.]

(f) receive and keep a record of all complaints from any creditor or other person interested in any estate and make such specific investigations with regard to such complaints as the Superintendent may determine; and

(g) examine trustees' accounts of receipts and disbursements and final statements.

**(4) Powers of Superintendent** — The Superintendent may

(a) intervene in any matter or proceeding in court, where the Superintendent considers it expedient to do so, as if the Superintendent were a party thereto;

(b) issue, to official receivers, trustees, administrators of consumer proposals made under Division II of Part III and persons who provide counselling pursuant to this Act, directives with respect to the administration of this Act and, without restricting the generality of the foregoing, directives requiring them

    (i) to keep such records as the Superintendent may require, and

    (ii) to provide the Superintendent with such information as the Superintendent may require;

(c) issue such directives as may be necessary to give effect to any decision made by the Superintendent pursuant to this Act or to facilitate the carrying out of the purposes and provisions of this Act and the General Rules, including, without limiting the generality of the foregoing, directives relating to the powers, duties and functions of trustees, of receivers and of administrators as defined in section 66.11;

(d) issue directives governing the criteria to be applied by the Superintendent in determining whether a trustee licence is to be issued to a person and governing the qualifications and activities of trustees; and

> **Proposed Amendment — 5(4)(d)**
>
> (d) issue directives governing the criteria to be applied by the Superintendent in determining whether a trustee licence is to be issued to a person and governing the qualifications and activities of trustees;
>
> 2005, c. 47, s. 6(4) [Not in force at date of publication.]

24

S. 6(4)  Bankruptcy and Insolvency Act

deposit account of a trustee or such other person as is designated in the order not to make payments out of the account until such time as the court otherwise directs.

1997, c. 12, s. 5

**7.** [Repealed 1992, c. 27, s. 6.]

**8.** [Repealed 1992, c. 27, s. 6.]

**9. Appointment of employees** — Such employees as are required to assist the Superintendent to perform his functions under this Act shall be appointed in accordance with the *Public Service Employment Act*.

### C§1 — Superintendent of Bankruptcy

The Superintendent of Bankruptcy has a general supervisory function over all bankrupt estates. The Superintendent is responsible for the licensing of trustees.

By the 1992 amendment to s. 5(2), the word "matters" was added to the subsection, presumably to make it clear that the supervisory power of the Superintendent extends to all proceedings in the bankruptcy court.

Section 215 does not apply to applications for judicial review brought in the Federal Court with respect to the exercise of jurisdiction or powers by the Superintendent of Bankruptcy: *NsC Diesel Power Inc. v. Canada (Superintendent of Bankruptcy)* (1995), 34 C.B.R. (3d) 286 (Fed. T.D.). In order to bring an application in the Federal Court for prerogative relief with respect to the exercise of jurisdiction or powers by the Superintendent, the material in support of the application must set out a factual basis alleging failure of the Superintendent to act in accord with statutory duties imposed on the Superintendent by the *BIA* and that no adequate remedy is available under the *BIA*: *NsC Diesel Power Inc. v. Canada (Superintendent of Bankruptcy), supra*. If the duty imposed by the *BIA* is discretionary, a prerogative remedy such as mandamus will not be granted: *NsC Diesel Power Inc. v. Canada (Superintendent of Bankruptcy)*.

Only the Federal Court has jurisdiction to examine the Superintendent's practices regarding discipline of trustees. The Superior Courts are limited in jurisdiction over a federal Board to a review of the validity of its legislative scheme: *Métivier c. Mayrand* (2003), 2003 CarswellQue 2536, 50 C.B.R. (4th) 153 (Que. C.A.).

For the assistance of trustees, the Superintendent has issued Policy Statements and Directives from time to time. See *post* for these Statements and Directives.

Trustees are bound by and obliged to follow all directives issued by the Superintendent: *Re Clements* (1990), 77 C.B.R. (N.S.) 232 (N.S. T.D.). The court is not, however, bound by the directives of the Superintendent: *Re Pottie* (2002), 32 C.B.R. (4th) 92, 2002 CarswellNS 46 (N.S. S.C.). The approval of the Superintendent of Bankruptcy to a trustee's final statement of receipts and disbursements does not bind the court: *Re Roy* (1963), 4 C.B.R. (N.S.) 275 (Que. S.C.).

In 1992, ss. 5(4)(b) and (c) and ss. 5(5) and 5(6) were added to the *BIA*. These amendments give statutory authority to the directives issued by the Superintendent. The directives are not statutory instruments so they will not have to be published. If a trustee fails without reasonable excuse to comply with a directive of the Superintendent, the trustee will be liable to have his or her licence suspended or cancelled under s. 14.01(1).

the registrar: *Re Gerveau* (1924), 5 C.B.R. 338 (Que. S.C.); *Re Britannia Canning Co.*, 19 C.B.R. 250, [1938] O.W.N. 311 (Ont. S.C.).

An Official Receiver can apply to the registrar, or if the registrar is the Official Receiver, to the bankruptcy judge for directions: see Rule 33.

### *Trustees*

#### Licensing of Trustees

**13. (1) Application for licence** — A person who wishes to obtain a licence to act as a trustee shall file with the Superintendent an application for a licence in the prescribed form.

**(2) Conditions of eligibility** — The Superintendent, after such investigation concerning an applicant for a licence to act as a trustee as the Superintendent considers necessary, may issue the licence if the Superintendent is satisfied, having regard to the criteria referred to in paragraph 5(4)(d), that the applicant is qualified to obtain the licence.

**(3) Non-eligibility** — The Superintendent may refuse to issue a licence to an applicant who is insolvent or has been convicted of an indictable offence.



1992, c. 27, s. 9(1); 1997, c. 12, s. 6

**13.1 Form of licence** — A licence shall

(a) be in the prescribed form;

(b) specify the bankruptcy district or part thereof in which the trustee is entitled to act; and

(c) be subject to such conditions and limitations as the Superintendent considers appropriate and may specify therein.

1992, c. 27, s. 9(1); 1997, c. 12, s. 7

**13.2 (1) Fees payable** — Prior to the issue of a licence, the applicant shall pay such fees as may be prescribed.

**(2) Idem** — On the December 31 following the day on which a licence is issued, and on December 31 in each year thereafter, the trustee shall pay such fees as may be prescribed.

**(3) When licence invalid** — A licence ceases to be valid on the failure of the trustee to pay a fee in accordance with subsection (2) or if the trustee becomes bankrupt.

If a trustee refuses to give access to the receivables to a creditor who is holding security on the accounts receivable of the bankrupt, the trustee has breached s. 27(1)(b) of the *Act*: *Bank of Montreal v. Touche Ross Ltd.*, 60 C.B.R. (N.S.) 244, [1986] 4 W.W.R. 211, 48 Sask. R. 241 (Sask. Q.B.).



## C§22 — Forwarding Documents to the Superintendent

The trustee was formerly obligated to send the documents in s. 28(1) to the Chief Statistician as well as the Superintendent. It is now only necessary to send the documents to the Superintendent.

## C§23 — Filing of Report by Trustee Under S. 29

Section 29(1) requires (a) every trustee whose licence has been cancelled, suspended or has ceased to be valid by reason of failure to pay fees, (b) every trustee who has been removed from continuing the administration of an estate, and (c) the legal representative of a trustee who has died or become incapacitated, to prepare and forward to the Superintendent a detailed financial statement of receipts and disbursements together with the list of and report on unadministered property of every estate in which the trustee has not been discharged. When s. 29(1)(b) speaks of a trustee who has been removed, it means **"removed"** by an order of the court under s. 14.04; it does not refer to the appointment of a substitute trustee by creditors under s. 14.

The trustee is required by s. 170 to prepare a report on the administration of the bankrupt's estate. The report is primarily for the assistance of the court on the discharge of the bankrupt. If the report has not been sent to the Superintendent as required by s. 170(2), it must, by s. 29(2), be sent to the Superintendent before the trustee proceeds to its discharge.

By s. 171, the Superintendent can require the trustee, within two months of its appointment or such longer period as the Superintendent may allow, to prepare a report setting out the information listed in the section. If the report has not been sent to the Superintendent, it must, by s. 29(2), be sent to the Superintendent before the trustee proceeds to its discharge.

**30. (1) Powers exercisable by trustee with permission of inspectors —** The trustee may, with the permission of the inspectors, do all or any of the following things:

(a) sell or otherwise dispose of for such price or other consideration as the inspectors may approve all or any part of the property of the bankrupt, including the goodwill of the business, if any, and the book debts due or growing due to the bankrupt, by tender, public auction or private contract, with power to transfer the whole thereof to any person or company, or to sell the same in parcels;

(b) lease any real property or immovable;

(c) carry on the business of the bankrupt, in so far as may be necessary for the beneficial administration of the estate of the bankrupt;

(d) bring, institute or defend any action or other legal proceeding relating to the property of the bankrupt;

(e) employ a barrister or solicitor or, in the Province of Quebec, an advocate, or employ any other representative, to take any proceedings or do any business that may be sanctioned by the inspectors;

S. 30(1)(f)                               Bankruptcy and Insolvency Act

(f) accept as the consideration for the sale of any property of the bankrupt a sum of money payable at a future time, subject to such stipulations as to security and otherwise as the inspectors think fit;

(g) incur obligations, borrow money and give security on any property of the bankrupt by mortgage, hypothec, charge, lien, assignment, pledge or otherwise, such obligations and money borrowed to be discharged or repaid with interest out of the property of the bankrupt in priority to the claims of the creditors;

(h) compromise and settle any debts owing to the bankrupt;

(i) compromise any claim made by or against the estate;

(j) divide in its existing form among the creditors, according to its estimated value, any property that from its peculiar nature or other special circumstances cannot be readily or advantageously sold;

(k) elect to retain for the whole part of its unexpired term, or to assign, surrender, disclaim or resiliate any lease of, or other temporary interest or right in, any property of the bankrupt; and

(l) appoint the bankrupt to aid in administering the estate of the bankrupt in such manner and on such terms as the inspectors may direct.

(2) **Permission limited to particular thing or class** — The permission given for the purposes of this subsection (1) is not a general permission to do all or any of the things mentioned in that subsection, but is only a permission to do the particular thing or things or class of thing or things that the permission specifies.



70

An intervention program issued by the Superintendent of Bankrupcty has set out the guiding principles for letters of comment in Consumer Proposals: "Taxation of Trustee's Accounts in Summary Administration".

## PART IV — PROPERTY OF THE BANKRUPT

**67. (1) Property of bankrupt** — The property of a bankrupt divisible among his creditors shall not comprise

    (a) property held by the bankrupt in trust for any other person,

    (b) any property that as against the bankrupt is exempt from execution or seizure under any laws applicable in the province within which the property is situated and within which the bankrupt resides, or



    (b.1) such goods and services tax credit payments and prescribed payments relating to the essential needs of an individual as are made in prescribed circumstances and are not property referred to in paragraph (a) or (b),



but it shall comprise

    (c) all property wherever situated of the bankrupt at the date of his bankruptcy or that may be acquired by or devolve on him before his discharge, and



> charge, including any refund owing to the bankrupt under the *Income Tax Act* in respect of the calendar year — or the fiscal year of the bankrupt if it is different from the calendar year — in which the bankrupt became a bankrupt, except the portion of any such refund that is not subject to the operation of this Act, and
>
> 2005, c. 47, s. 57(2) [Not in force at date of publication.]

(d) such powers in or over or in respect of the property as might have been exercised by the bankrupt for his own benefit.

(2) **Deemed trusts** — Subject to subsection (3), notwithstanding any provision in federal or provincial legislation that has the effect of deeming property to be held in trust for Her Majesty, property of a bankrupt shall not be regarded as held in trust for Her Majesty for the purpose of paragraph (1)(a) unless it would be so regarded in the absence of that statutory provision.

(3) Subsection (2) does not apply in respect of amounts deemed to be held in trust under subsection 227(4) or (4.1) of the *Income Tax Act*, subsection 23(3) or (4) of the *Canada Pension Plan* or subsection 86(2) or (2.1) of the *Employment Insurance Act* (each of which is in this subsection referred to as a "federal provision") nor in respect of amounts deemed to be held in trust under any law of a province that creates a deemed trust the sole purpose of which is to ensure remittance to Her Majesty in right of the province of amounts deducted or withheld under a law of the province where

(a) that law of the province imposes a tax similar in nature to the tax imposed under the *Income Tax Act* and the amounts deducted or withheld under that law of the province are of the same nature as the amounts referred to in subsection 227(4) or (4.1) of the *Income Tax Act*, or

(b) the province is a "province providing a comprehensive pension plan" as defined in subsection 3(1) of the *Canada Pension Plan*, that law of the province establishes a "provincial pension plan" as defined in that subsection and the amounts deducted or withheld under that law of the province are of the same nature as amounts referred to in subsection 23(3) or (4) of the *Canada Pension Plan*,

and for the purpose of this subsection, any provision of a law of a province that creates a deemed trust is, notwithstanding any Act of Canada or of a province or any other law, deemed to have the same effect and scope against any creditor, however secured, as the corresponding federal provision.

1992, c. 27, s. 33; 1996, c. 23, s. 168; 1997, c. 12, s. 59; 1998, c. 19, s. 250

**68.** (1) **Directives re standard of living factors** — The Superintendent shall, by directive, establish in respect of the provinces or one or more bankruptcy districts or parts of bankruptcy districts, the standards for determining the portion of the total income of an individual bankrupt that exceeds that which is necessary to enable the bankrupt to maintain a reasonable standard of living.

> **Proposed Amendment — 68(1)**
>
> (1) **Directives re surplus income** — The Superintendent shall, by directive, establish in respect of the provinces or one or more bankruptcy districts or parts of bankruptcy districts, the standards for determining the surplus income of an individ-