# APPENDIX IV

## Canadian Bill of Rights

S.C. 1960, c. 44

The Parliament of Canada, affirming that the Canadian Nation is founded upon principles that acknowledge the supremacy of God, the dignity and worth of the human person and the position of the family in a society of free men and free institutions;

Affirming also that men and institutions remain free only when freedom is founded upon respect for moral and spiritual values and the rule of law;

And being desirous of enshrining these principles and the human rights and fundamental freedoms derived from them, in a Bill of Rights which shall reflect the respect of Parliament for its constitutional authority and which shall ensure the protection of these rights and freedoms in Canada:

THEREFORE Her Majesty, by and with the advice and consent of the Senate and House of Commons of Canada, enacts as follows:

PART I

BILL OF RIGHTS

1. It is hereby recognized and declared that in Canada there have existed and shall continue to exist without discrimination by reason of race, national origin, colour, religion or sex, the following human rights and fundamental freedoms, namely,

   (a) the right of the individual to life, liberty, security of the person and enjoyment of property, and the right not to be deprived thereof except by due process of law;
   (b) the right of the individual to equality before the law and the protection of the law;
   (c) freedom of religion;
   (d) freedom of speech;
   (e) freedom of assembly and association; and
   (f) freedom of the press.

2. Every law of Canada shall, unless it is expressly declared by an Act of the Parliament of Canada that it shall operate notwithstanding the Canadian Bill of Rights, be so construed and applied as not to abrogate, abridge or infringe or to authorize the abrogation, abridgment or infringement of any of the rights or freedoms herein recognized and declared, and in particular, no law of Canada shall be construed or applied so as to

APPENDIX IV

(a) authorize or effect the arbitrary detention, imprisonment or exile of any person;
(b) impose or authorize the imposition of cruel and unusual treatment or punishment;
(c) deprive a person who has been arrested or detained
   (i) of the right to be informed promptly of the reason for his arrest or detention,
   (ii) of the right to retain and instruct counsel without delay, or
   (iii) of the remedy by way of *habeas corpus* for the determination of the validity of his detention and for his release if the detention is not lawful;
(d) authorize a court, tribunal, commission, board or other authority to compel a person to give evidence if he is denied counsel, protection against self crimination or other constitutional safeguards;
(e) deprive a person of the right to a fair hearing in accordance with the principles of fundamental justice for the determination of his rights and obligations;
(f) deprive a person charged with a criminal offence of the right to be presumed innocent until proved guilty according to law in a fair and public hearing by an independent and impartial tribunal, or of the right to reasonable bail without just cause; or
(g) deprive a person of the right to the assistance of an interpreter in any proceedings in which he is involved or in which he is a party or a witness, before a court, commission, board or other tribunal, if he does not understand or speak the language in which such proceedings are conducted.

3. (1) Subject to subsection (2), the Minister of Justice shall, in accordance with such regulations as may be prescribed by the Governor in Council, examine every regulation transmitted to the Clerk of the Privy Council for registration pursuant to the *Statutory Instruments Act* and every Bill introduced in or presented to the House of Commons by a Minister of the Crown, in order to ascertain whether any of the provisions thereof are inconsistent with the purposes and provisions of this Part and he shall report any such inconsistency to the House of Commons at the first convenient opportunity.

(2) A regulation need not be examined in accordance with subsection (1) if prior to being made it was examined as a proposed regulation in accordance with section 3 of the *Statutory Instruments Act* to ensure that it was not inconsistent with the purposes and provisions of this Part.(1)

4. The provisions of this Part shall be known as the *Canadian Bill of Rights*.

---

(1) Section 3 was repealed and replaced by S.C. 1985, c. 26, s. 105.

CANADIAN BILL OF RIGHTS

PART II

5. (1) Nothing in Part I shall be construed to abrogate or abridge any human right or fundamental freedom not enumerated therein that may have existed in Canada at the commencement of this Act.

(2) The expression "law of Canada" in Part I means an Act of the Parliament of Canada enacted before or after the coming into force of this Act, any order, rule or regulation thereunder, and any law in force in Canada or in any part of Canada at the commencement of this Act that is subject to be repealed, abolished or altered by the Parliament of Canada.

(3) The provisions of Part I shall be construed as extending only to matters coming within the legislative authority of the Parliament of Canada.