This is Exhibit __B__
of the Affidavit of
__H. PAUL GUL__
SWORN THIS 14th DAY
OF MAY, 2007

# NOTICE OF LAWSUIT
# TO THE GOVERNMENT OF CANADA

To Whom It May Concern:

A lawsuit has been commenced against the Government of Canada. A copy of the Summons and Complaint is attached to this notice. The Complaint requests "Declaratory and Injunctive Relief, and Money Damages." It has been filed in the United States District Court for the Western District of Washington, and has been assigned docket number CV7-0177C.

The Plaintiff in the lawsuit is Erwin Singh Braich. The Defendants in the lawsuit, in addition to the Government of Canada, are as follows:

> Steve Mittelstaedt, Keith M. Olson, The City of Bellingham, Tyler Letey, Shree Sharma, Deborah Bortner, The State of Washington, Brian G. McLean, McLean & Armstrong, Robert Rusko, David Wood, KPMG Inc., KPMG LLP, RCMP Sergeant Tim Alder, and John/Jane Does 1-10.

The attached Summons requires you to serve an Answer on Plaintiff's attorney, within sixty (60) days after service of the Summons and Complaint. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

The attached Complaint alleges violations of the Plaintiff's constitutional rights, as well as tortious acts and/or omissions committed against the defendant, by the Government of Canada and/or its agencies, departments, agents, and employees.

The Government of Canada has been named as a Defendant, because it is liable for the acts and/or omissions of its employees, agents, and contractors, under the doctrine of respondeat superior or by estoppel. Other provisions of US law, including, but not limited to 28 U.S.C. Sections 1602, and 1605(a)(5), also allege a basis for the lawsuit. The relief requested in the Complaint is for Declaratory and Injunctive relief, as well as Monetary Damages.

A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

The failure to submit a timely response, with the court, can result in a Default judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

Any questions relating to state immunities and to the jurisdiction of United States Courts over foreign states are governed by the Foreign Sovereign Immunities Act (FSIA) of

1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94-583; 90 Stat. 2891)

A copy of the FSIA is included with this correspondence.

I affirm that this Notice is being sent to you on behalf of the plaintiff, this 19th day of March, 2007.

HWB-ESQ., PLLC
Per:

Hugh W. Berry

Enclosures:
-Summons
-Complaint
- Foreign Sovereign Immunities Act of 1976


cc: Plaintiff (Without Enclosures)