## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is effective as of this 19th day of July, 2007, (hereinafter the "Effective Date") between Plaintiff, ERWIN SINGH BRAICH, an individual and resident of British Columbia, Canada (hereinafter "BRAICH" or "Plaintiff"), and Defendants, THE GOVERNMENT OF CANADA as legally represented by the Attorney General of Canada (hereinafter "Attorney General of Canada"), and Tim Alder, an individual and resident of British Columbia, Canada (hereinafter "ALDER") (collectively hereinafter the "Federal Crown Defendants").

## RECITALS

A.   BRAICH alleges that he is the owner of all rights, title and interest in the Property ("Property" as used herein is used in the same manner as defined in, paragraph 5 of, the Civil Complaint ("Complaint") *Braich v. Mittelstaedt, et al.*, CV 07-0177C) taken from Room 305 of the Travel House Inn, located in Bellingham, Washington.

B.   The Federal Crown Defendants dispute the allegations of the Complaint pertaining to them and allege, among other defenses, that they are not subject to the jurisdiction of the United States District Court for the Western District of Washington.

C.   BRAICH and the Federal Crown Defendants wish to settle all matters known or unknown related to the Causes of Action alleged against the Federal Crown Defendants in *Braich v. Mittelstaedt, et al.*, U.S.D.C. Western District of Washington, Civil Action No. CV 07-0177C. ("Civil Action").

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, BRAICH and the Federal Crown Defendants agree as follows:

## ARTICLE I

## AGREEMENT

1.01   <u>Designated Legal Representative for Service of Discovery Requests.</u>

(a) Within five (5) days of the Effective Date, the Federal Crown Defendants agree to designate the Attorney General of Canada c/o the Department of Justice Canada, 900-840 Howe Street, Vancouver, British Columbia, Canada, as their legal representative who will accept discovery related requests (including, but not limited to, Subpoena Duces Tecum, and Depositions) served on the Federal Crown Defendants pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and or other statutory or common law authority of the United States and/or Canada, relating to Civil Action No. 07-0177C. In agreeing to the designation of the Attorney General of Canada c/o the Department of Justice Canada as their legal representative accepting service of discovery requests the Federal Crown Defendants explicitly waive any requirement by BRAICH to obtain a formal legal request for service of process from either a United States Court or Canadian Court pursuant to Letters Rogatory, provisions of the Hague Service Convention, or other applicable statutes, treaties, or conventions for seeking international judicial assistance relating to effective service of process requirements for obtaining discovery in the pending action. The Federal Crown Defendants' agreement to designate the Attorney General of Canada c/o the Department of Justice Canada as their legal representative to accept service of all discovery related requests does not waive or in any way restrict the Federal Crown Defendants' rights, in response to a discovery request, to make substantive legal objections to production including, but not limited to, objecting to the production of evidence on the grounds that it is privileged, or should not be produced for any other legally recognized grounds.

(b) BRAICH agrees that no future civil action based on the Causes of Action alleged in *Braich v. Mittelstaedt, et al.*, U.S.D.C. Western District of Washington, Civil Action No. CV 07-0177C, will be brought in the United States, against the Federal Crown Defendants, the Attorney General of Canada, the Royal Canadian Mounted Police ("RCMP"), its members and employees, the Superintendent of Bankruptcy, other personnel of the Office of the Superintendent of Bankruptcy, or any other department, agency, or employee of the Government of Canada through the "John/Jane Does" reservation in the Civil Complaint.

## ARTICLE II

## DISMISSAL

2.01   Dismissal.   Within five (5) days following the completion of the execution of this Agreement, Plaintiff shall execute and file a Notice of Voluntary Dismissal with prejudice of all legal claims raised in the above-identified Civil Action, in the form attached as Exhibit A, with each party to bear its own costs and attorneys' fees through and up to the time of dismissal.

## ARTICLE III

## COVENANTS AND WARRANTIES

3.01   Right to Enter into Agreement.   Each party represents and warrants that it/he/she has the right to enter into this Agreement.

## ARTICLE IV

## TERM AND TERMINATION

4.01   Term.   This Agreement shall begin as of the last date of signing by any party.

## ARTICLE V

## MISCELLANEOUS PROVISIONS

5.01   Force Majeure.   All obligations under this Agreement shall be suspended for so long as one or all parties are prevented from complying with the provisions hereof by acts of God, the elements, riots, war, acts of terrorism, acts of federal, state or local governments, agencies or courts, strikes, lockouts, damage to or destruction or unavoidable shutdown of necessary facilities, or other matters beyond their reasonable control (specifically excluding, however, matters of mere financial exigency); provided, however, that any party so prevented from complying with its obligations hereunder shall promptly notify the other party thereof and shall exercise all due diligence to remove and overcome the cause of such inability to comply as soon as practicable.

5.02   Non-Fiduciary Relationship.   The parties expressly disclaim and disavow any partnership, joint venture, principal/agent, master/servant, or fiduciary status or relationship between them.   Nothing in this Agreement shall be construed as creating such a relationship

between the parties. The parties expressly affirm that they have entered into this Agreement as independent parties and that the same is in all respects an "arm's length" transaction.

    5.03    Waiver. A waiver by any party of any provision hereof, whether in writing or by course of conduct or otherwise, shall be valid only in the instance for which it is given, and shall not be deemed a continuing waiver of said provision, nor shall it be construed as a waiver of any other provision hereof.

    5.04    Paragraph Headings. Paragraph headings of this Agreement are inserted only for convenience and in no way define, limit or describe the scope or intent of this Agreement, nor affect its terms and provisions.

    5.05    Preparation of Agreement. The parties hereto acknowledge that they have all participated in the preparation of this Agreement and in the event that any question arises regarding interpretation, no presumption shall be drawn in favor of or against any party hereto with respect to the drafting hereof.

    5.06    Governing Law. This Agreement, and all matters relating hereto, including any matter or dispute arising out of the Agreement, shall be interpreted, governed, and enforced according to the laws of Canada.

    5.07    Attorney Fees and Costs. If any lawsuit is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing party.

    5.08    Entire Agreement. This Agreement constitutes and represents the entire agreement of the parties hereto with respect to the subject matter hereof, and all other prior agreements, covenants, promises and conditions, verbal or written, between these parties are incorporated herein. No party hereto has relied upon any promise, representation or warranty, other than those contained herein, in executing this Agreement.

    5.09    Counterparts and Facsimile Signatures. In order to facilitate expedited settlement, the parties agree that this Agreement may be signed in counterparts, and that fax signatures shall be binding; provided, that the parties agree to mail to each other sufficient copies of original signature pages (which may be in counterparts) to memorialize the execution for the parties files.

    IN WITNESS WHEREOF, the parties have executed this Agreement on the dates hereinafter subscribed.

Date: July 19, 2007

_____
ATTORNEY GENERAL OF CANADA
Per: Graham Stark, Counsel
Department of Justice
British Columbia Regional Office

Date: _____

_____
**TIM ALDER**

Date: _____

_____
**ERWIN SINGH BRAICH**

-5-

# EXHIBIT A

Honorable John C. Coughenor

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ERWIN SINGH BRAICH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TIM ALDER, an individual, and<br><br>THE GOVERNMENT OF CANADA,<br><br>Defendants. | No. CV07-0177C<br><br>NOTICE OF VOLUNTARY DISMISSAL AS TO DEFENDANTS THE GOVERNMENT OF CANADA AND TIM ALDER |

The Plaintiff ERWIN SINGH BRAICH hereby provides notice, pursuant to Fed. R. Civ. P. 41(a)(1) that he hereby dismisses Defendant Tim Alder and the Defendant Government of Canada from this action, with prejudice.

Dated this ____ day of July, 2007.

_____
Hugh W. Berry WSBA No.: 23509

HWB – ESQ., PLLC

NOTICE OF VOLUNTARY DISMISSAL
(CV07-0177C) - 7

HWB – ESQ., PLLC
P.O BOX 13085
MILL CREEK, WA 98082
TELEPHONE: 206.774.0845