District Judge John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERWIN SINGH BRAICH, ) | |
| ) | Case No. 07-0177 JCC |
| Plaintiff, ) | |
| ) | SUPPLEMENTAL DECLARATION OF |
| v. ) | ERWIN SINGH BRAICH IN |
| ) | RESPONSE TO THE |
| ) | DEFENDANTS' MOTION TO DISMISS |
| ) | OR, IN THE ALTERNATIVE, |
| ) | FOR SUMMARY JUDGEMENT |
| STEVE MITTELSTAEDT, ET AL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ARGUMENT AND AUTHORITY**

Wilson v. Layne, 526 U.S. 603, 609 (1999)

In this case where sherrif's deputies had a ride-along that did not expressly prohibit such entries pursuant to a Marshal's Service policy which explicitly contemplated media entry into private homes - the state of the law was undeveloped at the relevant time. This situation is materially different in the specifics of the case at bar. I will not burden the Court with the dissent in part of Stevens, J.

Anderson v. Creighton, 483 U.S. 635, 640 (1987)

This bank robbery suspect was believed to possibly be found there (the respondent's home). In the case at bar, clearly established exigent circumstances do not exist as in the cited case.

United States v. Lanier, 520 U.S. 259, 270 (1997)

In this sexual assault litigation, the "factual situation" is not fundamentally similar to the case at bar.

Saucier v. Katz, 475 U.S. 194, 206 (2001)

This excessive force claim on a military installation, during Vice President Gore's speech, was found to have the apparent undermining features, in conclusion, to the "qualified immunity" inquiry, and therefore needed no second step. The specifics of my Complaint are quite disimilar to the duty which is paramount to protect the safety of the Vice President.

Siegert v. Gilley, 500 U.S. 226, 232 (1991)

Siegert's supervisor at his former job (a clinical psychologist at an Army hospital) claimed in a letter that Siegert was inept, unethical and untrustworthy. In this particular cited case; a bad-faith is clearly not established to motivate this activity at an analytically early stage of the inquiry. Quite unrelated circumstances apply to the case at bar.

Hope v. Pelzer, 536 U.S. 730, 739-41 (2002)

Mr. Hope, an Alabama prison inmate, who was twice handcuffed to a hitching post for disruptive conduct, amongst other discomfort and humiliation, could not show that the guards' conduct was "materially similar" upon evaluation pursuant to federal law to the factual situations on which established law was based. This alone rejects the notion (in the case at bar) that the Defendants had no reason to believe that their conduct would be deemed proper and apprropriate and therefore did not violate any of my rights.

## **CONCLUSION**

The argument of "valid consent" falls quite short and is refuted vigorously when learning all of the facts. The blatant lack of evidense speaks volumes in this regard. The "relinquishing of my reasonable expectation" of privacy is also one that should never have been mistaken given the plethora of facts that the Defendants knew.

It is extremely difficult to reconcile in one's mind that an objective and good faith analaysis is validated by the two Defendants and therefore it is respectfully submitted that the Court should not dismiss the actions of Olson and Mittelstaedt. Very material facts are in dispute, irrefutable evidence supporting my assertions exist in overwhelming abundance and, last but not least, there has been no sight yet of the credible evidence that is being relied upon by Agents Olson and Mittelstaedt. The mere fact that the hotel manager possessed a key to the room is not sufficient to violate the intent of the Constitution.

Immunity from suit and all its attendant burdens should be effectively lost when the fact pattern clearly establishes the fact that public officials have violated civil rights and liberties. The  time and money required to defend against a two-part analysis is requisite and must not be overriding concerns under the cicumstances which give rise to my Complaint. The Defendants will not be disrupted in their respective day-to-day "discretionary decision making" should this Honourable Court dismiss the application. I respectfully submit this argument and pray for the procedural due process to emrge and thus the Court may be equipped to find the facts.

                    Dated this 12th, day of November, 2007

                              Respectfully submitted,


                              Erwin Singh Braich
                              Plaintiff

/s/ Erwin S. Braich

Erwin Singh Braich
33474 Kingsley Terrace
Abbotsford, B.C.
V2S 6J6