The Honorable John C. Coughenour

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | | |
|---|---|---|
| ERWIN SINGH BRAICH, | ) | No. CV7 0177C |
| Plaintiff, | ) | |
| vs. | ) | |
| STEVE MITTELSTAEDT, et al, | ) | **McLEAN DEFENDANTS' NOTICE OF RELEVANT RULING AND JOINDER IN KPMG STATUS REPORT** |
| Defendant. | ) | |

## I.   INTRODUCTION

COME NOW, the McLean Defendants, consisting of Brian G. McLean and McLean & Armstrong LLP, and (a) provide notification to this Court of a relevant ruling by the Supreme Court of British Columbia sitting in bankruptcy, and (2) join in KPMG's Third Status Report and Renewed Request for Dismissal ("Third Status Report").

## II.   REPORT OF RELEVANT DECISION

In its order dated August 7, 2007, this Court ordered the McLean Defendants to supply the Court with a copy of any written order issued by the Canadian Bankruptcy Court (which is, the Supreme Court of British Columbia, Canada) on the question of whether § 215 of the Canadian

McLean Defendants' Notice of Relevant
Ruling and Joinder in KPMG Status Report - 1

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\notice of relevant ruling.doc

Insolvency Act ("BIA") applies to the McLean Defendants in their role as counsel for the Bankruptcy Trustee, KPMG.  On November 7, 2007, the Canadian Bankruptcy Court did in fact rule on that issue and determined that § 215 extends to and protects the McLean Defendants.  Justice Brenner noted that in his complaint the plaintiff alleges that all of the acts attributed to the McLean Defendants were within the scope of their employment as attorney for KPMG, the bankruptcy Trustee.  Justice Brenner then went on to rule, as set forth in paragraph 50 and 51 of his ruling, as follows:

> 50.  In my view, the benefits conferred on a trustee by s. 215 should also be conferred on its lawyer – agent acting within the scope of his duties in representing the trustee.  When a lawyer so acting under the BIA, there is an identity of interest between the trustee and its lawyer … .
>
> 51.  McLean and his law firm are entitled to the protection of s. 215.[1]

The McLean Defendants respectfully submit that the above quoted ruling by Justice Brenner resolves the issue discussed in Part III (C) of this Court's August 7, 2007 order.

Justice Brenner also determined that § 215 of the BIA applies to actions alleged to have been taken in the United States, as more fully explored in KPMG's Third Status Report.

### III.   JOINDER IN KPMG'S THIRD STATUS REPORT

The McLean Defendants join in the statements and request made by KPMG in its Third Status Report and specifically join in KPMG's renewed request for dismissal.  As pointed about by KPMG in its Third Status Report, this Court deferred to the Supreme Court of British Columbia for determination of the question of whether § 215 of the BIA applied extraterritorially, that is, to the actions alleged by the plaintiff to have occurred in the United States.  Justice Brenner ruled unequiv-

---

[1] Judge Brenner's written decision, denominated "Reasons for Judgment", was submitted to this Court by KPMG's counsel as part of KPMG's Third Status Report.

McLean Defendants' Notice of Relevant
Ruling and Joinder in KPMG Status Report - 2

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\notice of relevant ruling.doc

1  ocally that § 215 of the BIA does in fact apply extraterritorially to the events that plaintiff alleges

2  occurred in Washington State and, therefore, plaintiff must first seek leave from the Canadian Bank-

3  ruptcy Court before he may bring or maintain this action against KPMG and the McLean

4  Defendants.

5
6     On page 10 of this Court's August 7, 2007 order, the Court stated:

7     Should the Canadian court determine that section 215 is indeed intended to apply
      extraterritorially in situations such as that before the Court here, this Court will then
8     have properly before it the second and related "jurisdictional" question of whether
      this Court *should* decline to exercise jurisdiction over this suit as a matter of
9     international comity

10 (Emphasis in original).

11 Further, in footnote no. 7 of its August 7, 2007 order, this Court indicated it was inclined to defer to

12 Canadian law in this instance.  This Court expressed the view that should the Canadian court

13

14 determine that § 215 is intended to apply to this action, it will be difficult for Plaintiff to persuade

15 the Court that it should not defer to Canadian law.

16     This Court has deferred to a Canadian court on the issue of extraterritorial reach of § 215 of

17 the BIA.  This determination has been made by a Canadian court.  Accordingly, it is appropriate for

18 this Court to once again consider dismissal of the complaint against the McLean Defendants and

19
   KPMG for the reasons set forth in the motions to dismiss previously filed by those parties.  If the
20
   Court is undecided on the question of deference to Canadian law, or if the Court otherwise deems it
21
22 useful or appropriate, the McLean defendants would welcome the opportunity to submit further

23 briefing on the issue of whether this Court should defer to Canadian law under principles of comity.

24
25
26
27 McLean Defendants' Notice of Relevant
28 Ruling and Joinder in KPMG Status Report - 3

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\notice of relevant ruling.doc

1  The McLean defendants submit, however, that the comity issue was extensively briefed in its motion
2  to dismiss and the Court was thereby duly advised of the applicable law and relevant circumstances.
3      It is now clear that under Canadian law, which this Court has indicated it is inclined to
4  recognize, plaintiff must first obtain leave from the Supreme Court of British Columbia before he
5  can prosecute his claims against the McLean Defendants.  The plaintiff has not obtained such leave
6  and is, therefore, not permitted to bring or maintain this action.  Accordingly, the complaint should
7
8  be dismissed as against the McLean Defendants without further delay.
9      DATED this 15th day of November, 2007.

                                      BUCKNELL STEHLIK SATO & STUBNER, LLP

                                      /s/ Jerry N. Stehlik
                                  Jerry N. Stehlik, WSBA #13050
                                  of Attorneys for McLean Defendants

McLean Defendants' Notice of Relevant
Ruling and Joinder in KPMG Status Report - 4

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\notice of relevant ruling.doc