The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ERWIN SINGH BRAICH,<br><br>                Plaintiff,<br><br>v.<br><br>STEVE MITTELSTAEDT, et al.,<br><br>                Defendants. | NO. 07-CV-00177 BHS<br><br>STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Noted for consideration on:<br>January 9, 2008 |

## I.  INTRODUCTION

Plaintiff Erwin Braich desperately tries to hold his wholly concocted "international conspiracy" drama together with a personal declaration that contains nothing more than self-serving opinions drawn from multiple layers of speculation, unsupported conclusions and inadmissible hearsay. Braich's declaration and attached exhibits, which State Defendants object to, cannot be considered in ruling on this summary judgment motion. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, even if this Court were to accept the hearsay and unsupported speculation in Braich's declaration, the undisputed *material* facts still compel judgment for State Defendants as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Accordingly, for each of the reasons stated here and in their original motion, State Defendants ask this court to grant summary judgment and dismiss them from this lawsuit.[1]

## II.     PROCEDURAL HISTORY

Braich requested, and was granted, an extension of time to allow him to hire counsel and respond to the summary judgment motions and motion to dismiss filed by defendants. *Ct. Recs. 114*. Despite the 25 day extension granted to him, Braich chose to continue *pro* se, and, after making a few minor format changes, Braich resubmitted the same declaration and exhibits that he filed on December 10, 2007. In granting Braich the extension the Court ruled that it would not consider any replies filed prior to the issuance of that order. (Ct. Recs. 114, p.2). Accordingly, State Defendants submit this Second Reply Brief.[2]

## III.     ARGUMENT

### 1. Braich Abandoned His Room At The Inn And Relinquished His Right To Privacy In The Items He Left Behind In That Room

Braich's civil rights and state law causes of action are all based on his belief that State Defendants improperly searched and seized the items he left behind at the Travel House Inn (Inn) for six months between August, 2003 and February, 2004. *See, for example, Ct. Recs. 1, ¶¶ 197-202*. Braich is mistaken. First, Judge Coughenour has ruled that Braich abandoned his room at the Inn and relinquished his right to privacy in that room. *Ct. Recs. 95,* p. 8. That

---

[1] Without waiving any argument advanced in their Motion For Summary Judgment (*Ct. Recs. 76*), State Defendants have attempted to focus this Reply on the arguments Braich appears to make in his declaration.

[2] To the extent this Court considers Braich's first response (Ct. Recs. 98), State Defendants renew the objections raised in their initial Reply (Ct. Recs. 113), and fully incorporate that document by this reference. State Defendants also incorporate by this reference each of the arguments contained in the City of Bellingham's Motion for Summary Judgment (*Ct. Recs. 85*), its Second Reply Brief (*Ct. Recs. 117*) and attachment the Declaration of Peter Ruffatto, Ex. A (*Ct. Recs. 118*) as though fully set forth herein.

STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 07-CV-00177 BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

decision is now the law of the case and this Court is precluded from reexamining that decision here. *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007). Having no reasonable expectation of privacy in the items left behind in the abandoned hotel room, Braich lacks standing to challenge the administrative subpoena duces tecum served on the Inn compelling production of the abandoned records. *United States v. Diggs*, 649 F.2d 731, 735 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S. Ct. 516, 70 L. Ed. 2d 387 (1981) (person lacks standing to contest an administrative subpoena duces tecum used to seize items from abandoned motel room); *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986). Further, unable to establish any infringement on his right to privacy, all of his causes of action necessarily fail. For this reason alone the Court should grant State Defendants' motion.

Even without Judge Coughenour's reasoned opinion, however, the unchallenged objective evidence compels the same finding of abandonment and dismissal of State Defendants from this lawsuit. As a matter of law, Braich had no reasonable expectation of privacy in the hotel room once the rental period ended and the Inn exercised a possessory interest over that room. *United States v. Henderson*, 241 F.3d 638, 647 (9th Cir.), *cert. denied*, 532 U.S. 986, 121 S. Ct. 1634, 149 L. Ed. 2d 494 (2001); *United States v. Huffhines*, 967 F.2d 314, 318 (9th Cir.1992) (a guest in a motel has no reasonable expectation of privacy in a room after the rental period has expired); *Nordling*, 804 F.2d at 1469; *Diggs*, 649 F.2d at 735; *United States v. Wilson*, 472 F.2d 901, 902-03 (9th Cir. 1972), *cert. denied*, 114 U.S. 868, 94 S. Ct. 176, 38 L. Ed. 2d 116 (1973) (there is no reasonable privacy interest in property left in abandoned apartment, and "there can be nothing unlawful in the Government's appropriation of such abandoned property"). Here, there is no dispute that the rental period ended and the Inn repossessed the hotel room formerly occupied by Braich.

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Braich does not dispute that: (1) he failed to pay any rent to the Inn between August 7, 2003 and February, 2004, resulting in an accumulated debt of more than $4,000; (2) he failed to visit or contact the Inn during this same period; (3) the Inn closed Braich's account in September, 2003; and (4) the Inn repossessed Braich's former hotel room by changing the lock on the door. *See Ct. Recs. 78, ¶ 3-4; Ct. Recs. 79, ¶ 3*. Thus, whatever erroneous subjective beliefs Braich may have held, the uncontroverted objective facts establish that he abandoned the room at the Inn and thereby relinquished his right to privacy in the items left in that room.[3] *Id*.

Further, contrary to Braich's apparent contention, a warrantless search and seizure of abandoned property does not violate the United States Constitution or article I, section 7 of the Washington State Constitution. *Nordling*, 804 F.2d at 1469; *State v. Reynolds*, 144 Wn.2d 282, 287, 27 P.3d 200 (2001).

All of Braich's causes of action against State Defendants are inextricably tied to a privacy right that he voluntarily relinquished when he abandoned the hotel room at the Inn. Accordingly, each of those causes of action should all be dismissed.[4] *Id*.

### 2. Certain Causes Of Action Must Be Dismissed As A Matter Of Law Irrespective Of Any Evidence Produced By Braich

Braich continues in what appears to be a frivolous pursuit of claims that, by law, must

---

[3] Braich's declaration recites only his subjective belief that he did not intend to abandon the hotel room or property he left unattended for six months. As a matter of law, Braich's subjective beliefs have no bearing on the abandonment analysis at all. *Nordling*, 804 F.2d at 1469. Rather, the Court looks at whether "through words, acts or other objective indications, a person has relinquished a reasonable expectation of privacy in the property at the time of the search or seizure." *Id*. Braich's six month unexplained absence, failure to pay rent coupled with the Inn's decision to close his account and change the lock on the hotel room door establish abandonment as a matter of law. *Henderson*, 241 F.3d at 647; *Diggs*, 649 F.2d at 735 (failure to pay rent combined with the failure to retrieve property left in the room for three months constitutes an abandonment extinguishing any expectation of privacy the person had in the motel room *and* the items left in that room).

[4] Furthermore, Braich completely fails to submit any evidence or argument supporting any equal protection violation or conspiracy claims. For this reason as well, these claims should be dismissed. Fed.R.Civ.P. 56.

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

be dismissed regardless of any evidence he produces. First, the Eleventh Amendment of the United States Constitution bars Braich's federal damages suit against the State of Washington, its agencies and its employees acting in their official capacity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997). Second, the State, its agencies and employees, acting in their official capacity, are not "persons" subject to suit under §§ 1983, 1985 or 1986. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.), *cert. denied*, 493 U.S. 817, 110 S. Ct. 69, 107 L. Ed. 2d 36 (1989) ("The absence of a § 1983 deprivation of rights precludes a § 1985 claim predicated on the same allegations."); *Coggins v. McQueen,* 447 F. Supp. 960, 963-64 (D.C.Pa.1978) (concluding that "because of the common historical derivation of 42 U.S.C. §§ 1983, 1985 and 1986, an entity which is not a 'person' under § 1983 also is not a 'person' under §§ 1985 and 1986).

Third, as a matter of law, Braich cannot pursue civil damages under 18 U.S.C. § 242. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Fourth, the State of Washington does not recognize a cause of action for negligent investigation, nor does Washington law permit Braich to pursue a common law claim based on an alleged violation of the state constitution. *M.W. v. Dep't of Social & Health Srvs.*, 149 Wn.2d 589, 601, 70 P.3d 954 (2003); *Reid v. Pierce County*, 136 Wn.2d 195, 213, 961 P.2d 333 (1998); *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591, 36 P.3d 1094, *rev. denied*, 146 Wn.2d 1021, 52 P.3d 520 (2002).[5] The Court should, therefore, dismiss each of these claims against State Defendants as a matter

---

[5] Each of these arguments are discussed in greater detail in State Defendants' initial brief. *Ct. Recs. 76*, pp. 6-7, and 15-22.

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

of law.

### 3. The Doctrine Of Qualified Immunity Protects Letey, Sharma And Bortner From Suit Under 42 U.S.C. §§ 1983, 1985 And 1986

Once qualified immunity was asserted, the burden shifted to Braich to produce admissible evidence establishing that (1) Letey, Sharma and Bortner violated his constitutional rights, and (2) the law was clearly established at the time of the alleged violations such that it would be clear to a reasonable officer that each defendant's conduct was unlawful given the circumstances confronting them. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Braich failed to establish either element, and, therefore, his §§ 1983, 1985 and 1986 claims against Letey, Sharma and Bortner should be dismissed. *Id.*

Again, every one of Braich's constitutional claims arise from his mistaken belief that he had a reasonable expectation of privacy in the property he abandoned at the Inn. *See Ct. Recs. 1, ¶¶ 197-202*. As demonstrated above, by abandoning the room at the Inn, Braich relinquished his right to privacy and lost standing to challenge the search and seizure of the items he left behind in that hotel room. *Henderson*, 241 F.3d at 647; *Diggs*, 649 F.2d at 735. Thus, Braich cannot establish any constitutional violation by Letey, Sharma or Bortner, and his §§ 1983, 1985 and 1986 claims should all be dismissed. *Saucier*, 533 U.S. at 201 (plaintiff's failure to establish a constitutional violation ends the inquiry and qualified immunity attaches).

Even if Braich could produce evidence demonstrating a constitutional violation, which he cannot, Braich still failed to prove those rights were "clearly established" at the time of the alleged violation. *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627, (9th Cir. 1991) (the burden is

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

on party alleging the constitutional violation to prove such right was clearly established at the time it occurred). A constitutional right is not "clearly established" unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Braich does not claim, nor is there any evidence that Letey, Sharma and Bortner violated a clearly established right. Thus, the doctrine of qualified immunity protects all three defendants from suit as a matter of law. *Id.*

The dispositive question is whether it was objectively reasonable for Letey and Sharma to conclude, *based on the evidence and circumstances confronting them at the time*, that Braich abandoned the hotel room at the Inn. *Saucier*, 533 U.S. at 202. Most, if not every federal circuit has held: (1) a hotel guest has no expectation of privacy in a hotel room once the rental period ends and the hotel manager takes steps to possess that room, and (2) warrantless searches and seizures of abandoned property do not violate a person's constitutional rights. *Henderson*, 241 F.3d at 647; *United States v. Ramirez*, 810 F.2d 1338, 1341 (5th Cir.), *cert. denied*, 484 U.S. 908, 108 S. Ct. 136, 98 L. Ed. 2d 93 (1987) (federal circuits have "uniformly approved" warrantless searches of hotel rooms "after the rental period has terminated"). Here, based on the records produced by the Inn, Letey, Bortner and Sharma knew that: Braich stopped paying rent in July, 2003; Braich owed more than $4,000 in back due rent as of February, 2004; Braich ceased contact with the Inn and failed to retrieve the items he left at the Inn for more than six months; the Inn closed Braich's account in September, 2003, and, at the same time, changed the lock on Braich's former hotel room door. Ct. Recs. 78, ¶ 4; Ct. Recs. 79, ¶ 3. Even with the 25 day extension he received, Braich was

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

still unable to dispute any of these facts.[6] Given these unchallenged facts identified above, it was objectively reasonable for Letey and Sharma to conclude that Braich had abandoned the room at the Inn and the contents inside that room.

Furthermore, given the Inn manager's stated intent to throw away the abandoned items away, it was entirely appropriate for State Defendants to utilize their statutory subpoena authority to preserve the documents that Officer Mittelstaedt claimed were evidence of an illegal investment scam. *Ct. Recs. 77, ¶¶ 2-3.*

Given these well established legal principles and the unchallenged objective evidence of abandonment, Braich cannot prove that Letey, Sharma or Bortner violated any "clearly established" constitutional right. Accordingly, all three are immune from suit, and Braich's §§ 1983, 1985 and 1986 claims should be dismissed. *Saucier*, 533 U.S. at 201-02.

### 4. Braich Failed To Produce Any Evidence Demonstrating He Was Defamed By Letey

Again, despite the 25 additional days granted to him, Braich still could not produce any evidence that he was defamed by Letey, much less that such defamation took place within the applicable two-year statute of limitations. Thus, Braich's defamation claim against Letey should be dismissed as a matter of law.[7] *Mark v. Seattle Times*, 96 Wn.2d 473, 486-87, 635 P.2d 1081 (1981), *cert. denied*, 457 U.S. 1124 (1982); RCW 4.16.100(1) (two-year statute of limitations for defamation claims).

---

[6] Braich was not present when this information was shared with Letey, Sharma and Bortner. Thus his uninformed, self-serving opinions expressed in his declaration simply carry no weight. More importantly, Braich offers no evidence that he paid rent between July, 2003 and February, 2004, nor does he dispute any of the other information contained in the Inn records that were shared with Letey and Sharma. Similarly, Braich makes no attempt to explain why or how it was unreasonable for Letey, Sharma and Bortner to rely on the initial report received from Officer Mittelstaedt or the Inn documents establishing Braich's abandonment of the hotel room.

[7] Braich's defamation action was directly only at Defendant Letey. *Ct. Recs. 1, ¶ 274.*

STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 07-CV-00177 BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

### 5. Braich Failed To Establish That Letey Intentionally Interfere With Braich's Business Expectations

The "interference" relied upon by Braich to support this claim was the State Defendants' retrieval of items Braich abandoned in the hotel room. *Ct. Recs. 1, ¶ 279*. As set forth earlier, Braich did not have a reasonable expectation of privacy in the abandoned items, and, as a result, he cannot prove any interference. *Henderson*, 241 F.3d at 647; *Diggs*, 649 F.2d at 735. Further, Letey was statutorily authorized and, therefore, legally privileged to investigate the investment scam reported by Officer Mittelstaedt, subpoena the abandoned documents in the possession and control of the Inn, and share those documents with a sister law enforcement agency. RCW 21.20.380; RCW 21.20.450 (2) and (3)(e). Thus, Braich's intentional interference claim fails as a matter of law. *Pleas v. City of Seattle*, 112 Wn.2d 794, 804, 774 P.2d 1158 (1989) (plaintiff must demonstrate the defendant had a "duty of non-interference").

### 6. Braich Failed To State A Claim For Trespass

To state a claim for trespass under RCW 4.24.630, Braich was required to produce admissible evidence that State Defendants "intentionally and unreasonably commit[ed] the act or acts while knowing, or having reason to know, *that he or she lacks authorization to so act*." RCW 4.24.630 (emphasis added). Once again, Braich had no expectation of privacy in the abandoned hotel room. *Henderson*, 241 F.3d at 647; *Diggs*, 649 F.2d at 735. Moreover, State Defendants were statutory authorized to subpoena the abandoned items that were then in the possession of the Inn. RCW 21.20.380. Unable to show that State Defendants acted without legal authority, Braich's trespass claim necessarily fails. RCW 4.24.630.

STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 07-CV-00177 BHS

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**7. State Defendants' Object To The Inadmissible, Irrelevant Statements And Exhibits Contained In, And Attached To, Braich's Declaration**

To defeat summary judgment, Braich had to produce admissible evidence supporting all necessary elements of his claims and rebutting the contentions of State Defendants'. *Celotex.*, 477 U.S. at 323-324; Fed. R. Civ. P. 56(e). Speculation and unsupported conclusory allegations are not sufficient to defeat summary judgment. *Hernandez*, 343 F.3d at 1112. Ignoring this requirement, Braich relies on inadmissible hearsay,[8] broad conclusory statements that fall well outside his personal knowledge,[9] and random statements that are wholly irrelevant to this lawsuit.[10] This inadmissible evidence, which State Defendants object to, should not be considered in ruling on the present summary judgment motion. *Celotex*, 477 U.S. at 323-324; *Blair Foods, Inc., v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) (hearsay evidence is inadmissible and may not be considered by the court in a summary judgment motion); FRE 402 (evidence that is not relevant is inadmissible), FRE 802 (hearsay evidence is not admissible except as specifically set forth in the rules of evidence) and FRE 805.

**8. There Are No Material Facts In Dispute**

As demonstrated earlier, Braich does not dispute any of the material facts that

---

[8] Braich's declaration relies almost exclusively on inadmissible hearsay. For example, Braich attempts to introduce evidence of a conversation he had with another attorney about statements allegedly made by yet an entirely different person. *Ct. Recs. 116, ¶¶ 22-23*. Indeed, in ¶¶ 10 and 40 Braich does not even bother to identify the person allegedly responsible for the statement cited. Instead, Braich attributes the hearsay statements only to "other" unnamed people. Braich also includes a variety of other hearsay statements, all of which are offered to prove the truth of the matter asserted. *Ct. Recs. 116, ¶¶ 25, 38, 39, 41-42, 47-49, 50* (inadmissible hearsay within hearsay), *53-55*. None of hearsay statements in these paragraphs are admissible, nor should they be considered in ruling on this motion. FRE 802 and 805.

[9] For example, *Ct. Recs. 116, ¶¶ 36-38* reference "Exhibit C" which includes a letter purportedly written by Braich's then attorney. This letter was not addressed to Braich, nor is there any evidence that Braich has personal knowledge of the contents of that hearsay document, nor, for that matter, is there any evidence that the purported author of the document had any personal knowledge of the statements made in that letter.

[10] For example see *Ct. Recs. 116, ¶¶ 31, 32, 44*, and *51*.

STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 07-CV-00177 BHS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

establish his abandonment of the hotel room at the Inn. Tellingly, Braich instead carefully and deliberately avoids any reference to the period of abandonment, his prolonged failure to pay rent to the Inn, his outstanding debt for unpaid rent, his unexplained six month absence, or the actions taken by the Inn to repossess his former room. *See Ct. Recs. 116, ¶ 25* (Braich's "friends and associates" made payments to the Inn "*since* the alleged abandonment and/or repossession effort"), *¶ 38* (a fax was sent from the Inn on July 1, 2004, five months *after* the abandonment period), *¶ 41* (details of a conversation between Braich and an Inn receptionist concerning his account as of December 10, 2007, *three and a half years after the abandonment*), *¶¶ 60-61* (fax received by the Inn in July, 2003, two months before the Inn closed his account, three months before Letey first contacted the Inn and seven months before DFI subpoenaed the abandoned records). At best, Braich's evidence demonstrates only that he entered into a *new* rental contract with the Inn at some point *after* the period of abandonment. *Cf. Ct. Recs. 1, ¶¶ 50-88* (Braich occupied Room 305 prior to the abandonment) and *Ct. Recs. 116, ¶ 41* (at some point after the abandonment Braich entered into a new rental contract with the Inn allowing him to occupy rooms 300 and 301). Obviously, whether Braich had a new rental agreement with the Inn in December, 2007 has no bearing on his abandonment of room 305 three years earlier.

Lastly, none of the statements Braich attributes to Letey create a material issue of fact. For example, in *Ct. Recs. 116, ¶ 26*, Braich summarily concludes that certain answers provided by Letey in response to questions posed by Braich's attorney seemed "erratic and irrational." However, Braich fails to identify the questions posed, Letey's responses, or any explanation for the speculative conclusions Braich reached. Braich also claims he was told about additional conversations between Letey and Defendant Mclean. *Ct. Recs. 116, ¶¶ 30,*

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

*33.* Significantly, however, Braich fails to identify anything from these alleged conversations that has anything to do with Braich or this lawsuit. Braich next claims that Letey said he had been "duped and fooled by the Canadians." *Ct. Recs. 116, ¶ 34.* Once again, however, Braich provides no context for the comments he attributes to Letey, nor can he explain how those statements have anything to do with this lawsuit.

Only disputes concerning facts that might affect the outcome of the suit under the governing law will preclude summary judgment. *Anderson*, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not considered by the court. *Id.* Braich failed to introduce any evidence disputing any material fact. Furthermore, even with the advice and assistance of counsel (*Ct. Recs. 116, ¶¶ 4, 13, 52*), Braich still could not produce any legal argument supporting any of his causes of action. Accordingly, State Defendants' motion for summary judgment should be granted. Fed.R.Civ.P. 56.

### III.   CONCLUSION

For each of the reasons stated, State Defendants respectfully ask this Court to grant this motion for summary judgment and dismiss State Defendants from this lawsuit.

DATED this 9th day of January, 2008.

> ROBERT M. MCKENNA
> Attorney General
>
> /s/ Steve Puz
> STEVE PUZ, WSB# 17407
> D. THOMAS WENDEL, WSB#15445
> Assistant Attorneys General
> Attorneys for Defendants State of Washington, Department of Financial Institutions, Tyler Letey, Shree Sharma and Deborah Bortner

STATE DEFENDANTS' SECOND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 07-CV-00177 BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, I caused to be electronically filed the foregoing Second Reply In Support Of State Defendants' Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter M. Ruffatto
Bellingham City Attorney's Office
210 Lottie Street
Bellingham, WA 98225
pruffatto@cob.org

Priscilla To-Yin Chan
US Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Priscilla.Chan@usdoj.gov

Jeremy E. Roller
Yarmuth Wilsdon Calfo
925 Fourth Avenue, Ste 2500
Seattle, WA 98104
hmalkin@yarmuth.com
jroller@yarmuth.com

Jerry N. Stehlik
Andrea Orth
Bucknell Stehlik Sato & Stubner
2003 Western Avenue Ste 400
Seattle, WA 98121
jstehlik@bsss-law.com

Erwin Sigh Braich, pro se
33474 Kingsley Terrace
Abbotsford, British Columbia
Canada V@S 6J6
erwinbraich@hotmail.com
erwinsinghbraich@yahoo.com

/s/ Steve Puz
STEVE PUZ, WSB #17407
D. THOMAS WENDEL, WSB#15445
Assistant Attorneys General
Torts Division
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

STATE DEFENDANTS' SECOND
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
NO. 07-CV-00177 BHS

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300