1

HON. BENJAMIN H. SETTLE

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

ERWIN SINGH BRAICH,

No. 2:07-cv-00177-BHS

11

Plaintiff,

REPLY IN SUPPORT OF THE KPMG
DEFENDANTS' RENEWED MOTION
TO DISMISS

12

v.

13

STEVE MITTELSTAEDT; KEITH M.
OLSON; THE CITY OF
BELLINGHAM; TYLER LETEY;
SHREE SHARMA; THE STATE OF
WASHINGTON; BRIAN G. McLEAN;
McLEAN & ARMSTRONG; ROBERT
RUSKO; DAVID WOOD; KPMG, INC.;
KPMG LLP; RCMP SARGEANT TIM
ALDER; THE GOVERNMENT OF
CANADA; and JOHN/JANE DOES 1-
10,

NOTE ON MOTION CALENDAR:
**January 9, 2008**

14

15

16

17

18

19

Defendants.

20

21

I.       INTRODUCTION

22

In February of 2007, Plaintiff Erwin Singh Braich filed this lawsuit against the

23

KPMG Defendants for actions relating to their administration of his bankrupt Canadian

24

estate.  The KPMG Defendants informed Braich in April of 2007 that his lawsuit violates

25

Canadian law, which requires that a bankrupt seek leave of court prior to suing his trustee

26

for acts relating to the bankruptcy.  The Supreme Court of British Columbia has since

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  indisputably confirmed that Braich's maintenance of this lawsuit against the KPMG

2  Defendants violates Canadian law.  Instead of abiding that Canadian law, which based on

3  comity principles this Court should enforce, and seeking leave as required by that law,

4  Braich has elected to appeal the British Columbia Supreme Court's order against him.  As

5  described below, the fact of that appeal does nothing to alter the British Columbia Supreme

6  Court's clear pronouncement regarding the illegality of Braich's conduct under Canadian

7  law.  For the reasons described here and in the KPMG Defendants' Renewed Motion to

8  Dismiss, this Court should grant effect to that Canadian law and dismiss Braich's lawsuit

9  against the KPMG Defendants.

10  ## II.      BACKGROUND

11      On November 29, 2007, Defendants KPMG Inc., KPMG LLP, Robert Rusko, and

12  David Wood (collectively, the "KPMG Defendants") filed a Renewed Motion to Dismiss

13  (Dkt. # 93).  In that motion, in response to an inquiry from the Honorable John C.

14  Coughenour, the KPMG Defendants reported that the Supreme Court of British Columbia

15  in Bankruptcy had determined that (a) Section 215 of the Canadian Bankruptcy and

16  Insolvency Act ("BIA") applied to Plaintiff Erwin Singh Braich's ("Braich") claims against

17  the KPMG Defendants, and (b) that under Canadian law BIA Section 215 is intended to

18  apply extraterritorially.  *See* Renewed Motion to Dismiss at 4-7.  Therefore, Braich's

19  lawsuit against the KPMG Defendants, prosecuted without having obtained leave of the

20  Canadian court as required by BIA Section 215, indisputably violates Canadian law.  *See*

21  Reasons for Judgment (App. A. to the Renewed Motion to Dismiss) ¶ 56 ("Braich cannot

22  advance any claims *including the Washington claim* against any of the Applicants or any

23  other party arising from his bankruptcy without first obtaining leave from this Court as

24  required by the provisions of s. 215 of the BIA.") (emphasis added).

25      The KPMG Defendants then answered a second question posed by the Honorable

26  Judge Coughenour – whether, as a matter of comity, this Court should enforce Canadian

REPLY IN SUPPORT OF THE KPMG
DEFENDANTS' RENEWED MOTION TO
DISMISS
NO. 2:07-cv-00177-BHS – Page 2

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    law and dismiss this action as to the KPMG Defendants as required by BIA Section 215.

2    *See id.* at 7-12.  For the reasons set forth in the Renewed Motion to Dismiss, principles of

3    comity – indeed, every factor this Court should consider when determining whether it

4    should recognize Canadian law – favor giving effect to that law in this case and dismissing

5    Braich's lawsuit for failure to abide by BIA Section 215.

6          Having sought and obtained an extension of time to respond to the KPMG

7    Defendants' Renewed Motion to Dismiss, Braich filed a declaration in opposition to the

8    KPMG Defendants' motion and two other motions filed by other defendants.[1]  *See*

9    Plaintiff's Response to the Defendants' Motion to Dismiss or, in the Alternative, for

10   Summary Judgment (Dkt. # 116) ("Braich's Response").  Braich's Response did not

11   address the KPMG Defendants' comity argument.  Indeed, of the sixty six paragraphs of

12   Braich's lengthy submission, *only two paragraphs* – Paragraphs 64 and 65 – are directed

13   toward the KPMG Defendants' Renewed Motion to Dismiss.  *See id.* ¶¶ 64-65.  Instead of

14   substantively addressing the KPMG Defendants' comity argument, Braich merely informs

15   the Court that he has appealed the decision of the Honorable Chief Justice Brenner of the

16   Supreme Court of British Columbia.  *See id.* ¶¶ 64.  For the reasons explained below, the

17   fact of Braich's appeal means nothing to this Court's resolution of the KPMG Defendants'

18   Renewed Motion to Dismiss, and that motion should now be granted.

19                          **III.    ARGUMENT**

20   **A.    Chief Justice Brenner's Opinion is the Definitive Statement of Law Regarding
         Application of BIA § 215 to this Matter.**

21          Although Braich does not explicitly make this argument in his declaration, the

22   KPMG Defendants infer from his declaration he believes this Court should not dismiss his

23   case on comity grounds until his appeal has been resolved.  By failing to address the

24

25   _____

26   [1] Braich filed his response on Saturday, January 5, 2008 – the day after it was due pursuant to this Court's
     order.  *See* Order Granting Plaintiff's Request for Extension of Time to Respond to Dkts. 76, 85, and 93 (Dkt.
     # 114) at 2.

REPLY IN SUPPORT OF THE KPMG
DEFENDANTS' RENEWED MOTION TO
DISMISS
NO. 2:07-cv-00177-BHS – Page 3

YARMUTH **W**ILSDON **C**ALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

substance of the KPMG Defendants' comity argument, Braich effectively admits that if

Chief Justice Brenner's opinion is a correct statement of Canadian law, this matter should

be dismissed as to the KPMG Defendants.  *Cf.* Local CR 7(b)(2) ("If a party fails to file

papers in opposition to a motion, such failure may be considered by the court as an

admission that the motion has merit.").

That Braich has appealed Chief Justice Brenner's order in no way affects whether

this Court should, pursuant to the well established principles of comity set forth in the

Renewed Motion to Dismiss, recognize and give effect to Canadian law as determined in

the Reasons for Judgment.[2]  Despite Braich's appeal, Chief Justice Brenner's Reasons for

Judgment remain the definitive and binding statement of Canadian law on this issue.  Under

Canadian law, the decision of a trial judge remains the law until reversed by a higher court.

*Meier v. Canada (Minister of Justice)*, [1983] FCJ No. 425, at 3 (TD) (attached as Exhibit

A to Tweedale Declaration) (a decision under appeal "remains the law until [the court] is

shown to have been in error by a court of higher jurisdiction").  Indeed, even when under

appeal, the order of a Canadian trial court "is binding and conclusive on all the world" until

modified or reversed by an appellate court:

> The order under review is that of a superior court of record, and is binding
> and conclusive on all the world until it is set aside or varied on appeal.  No
> such order may be treated as a nullity.

*Harrison v. Harrison*, [2007] BCJ No. 350, at ¶ 24 (CA) (quoting *Canada Transport v.*

*Alsbury*, [1953] 1 D.L.R. 385 (B.C.C.A.)) (attached as Exhibit B to Tweedale Declaration).

"[T]he order of a superior court . . . still binds, cannot be questioned collaterally, and has

full force until reversed on appeal."  *Id.* ¶ 25.

---

[2] At Paragraph 64 of his declaration, Braich appears to indicate that the British Columbia Court of Appeal
granted leave for his appeal.  The Court of Appeal did not grant leave for Braich to appeal.  *See* Tweedale
Decl. ¶ 4.  Rather, because Braich missed the deadline, it granted Braich an extension of time to file his
appeal.  *Id.*  The Court of Appeal's decision to extend the deadline for filing the appeal says nothing about
the merits of that appeal, which is as of right.  *Id.* ¶¶ 4-5.

REPLY IN SUPPORT OF THE KPMG
DEFENDANTS' RENEWED MOTION TO
DISMISS
NO. 2:07-cv-00177-BHS – Page 4

1    Chief Justice Brenner's Reasons for Judgment – in which he concluded this lawsuit

2    against the KPMG Defendants violates Canadian law – is the definitive statement of

3    Canadian law regarding this issue.  For the reasons set forth in the Renewed Motion to

4    Dismiss (reasons unchallenged by Braich), Braich's claims against the KPMG Defendants

5    should be dismissed.

6    **B.      Delaying Resolution of this Motion Would Prejudice the Defendants.**

7    If this Court elects to defer final resolution of the KPMG Defendants' Motion to

8    Dismiss until after Braich's appeal has been resolved, the KPMG Defendants' interests,

9    other defendants' interests, or both will be unfairly prejudiced.

10    As described in the contemporaneously filed Declaration of Jonathan Tweedale,

11    there is a strong possibility that Braich's appeal of Chief Justice Brenner's Reasons for

12    Judgment will not be heard until September of 2008.  Tweedale Decl. ¶¶ 4-6.  The court of

13    appeal may not render its judgment until several weeks or months after that.  *Id.* ¶ 7.  A

14    conservative estimate for the court of appeal's resolution of Braich's appeal is therefore

15    October or November of 2008.

16    The KPMG Defendants are confident that Chief Justice Brenner's Reasons for

17    Judgment will be upheld and the court of appeal will find that Braich's prosecution of this

18    lawsuit without obtaining leave of court violates Canadian law that is meant to be applied

19    extraterritorially.  If, as the KPMG Defendants expect, the court of appeal upholds Chief

20    Justice Brenner's Reasons for Judgment, Braich may seek leave to appeal that decision to

21    the Supreme Court of Canada.  *See id.* ¶ 8.  Such an appeal would not be as of right.  *See id.*

22    Whether the Supreme Court of Canada would grant leave for Braich to appeal the court of

23    appeal's decision may not be resolved until *nine months or more after* the court of appeal

24    issues its decision.  *See id.* ¶¶ 8-9.  The parties therefore may not know whether the

25    Supreme Court of Canada will hear Braich's appeal until *July or August of 2009.*  If the

26    Supreme Court of Canada grants leave to appeal, judgment on that appeal may not be

REPLY IN SUPPORT OF THE KPMG
DEFENDANTS' RENEWED MOTION TO
DISMISS
NO. 2:07-cv-00177-BHS – Page 5

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

rendered until *one year after* leave is granted. *See id.* ¶¶ 10-11. Braich's appeal of Chief

Justice Brenner's Reasons for Judgment therefore may not be finally resolved until *July or*

*August of 2010 – nearly three years from now.*

Trial in this matter is presently set for November 17, 2008. A cursory review of the

Complaint reveals that there exists at least the possibility of extensive discovery. If this

matter is not dismissed, The KPMG Defendants would endure extreme prejudice in

preparing for and participating in the trial of an action the Supreme Court of British

Columbia has determined violates Canadian law. To avoid this unfair prejudice, if this

Renewed Motion to Dismiss is not granted the KPMG Defendants may seek a stay of this

action pending the outcome of Braich's appeal. Such a stay – to which the KPMG

Defendants believe they would be entitled given Chief Justice Brenner's clear statement of

Canadian law regarding this matter and the comity United States courts grant, almost as a

matter of course, to Canadian judicial proceedings – has the potential to prejudice other

defendants in this action, who no doubt want this matter quickly resolved.

The KPMG Defendants respectfully submit that Braich's lawsuit against them is the

very kind of harassment BIA Section 215 is designed to prevent. As described in Chief

Justice Brenner's Reasons for Judgment, to obtain leave under Section 215, a petitioner

must demonstrate that the proposed action "is not frivolous or vexatious and that the

evidence discloses a cause of action." Reasons for Judgment ¶ 20 (citing *Down v. Arthur*

*Andersen Inc.*, 2003 BCSC 1286 ¶ 6). The only conceivable reason Braich has not applied

for leave as required by Canadian law is that he doubts he can meet this "relatively low"

standard. *Id.* ¶ 21. This Court should not permit Braich to continue to misuse the courts of

this country in violation of Canadian law.

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1

### IV.    CONCLUSION

2          For all of the foregoing reasons and the reasons set forth in the Renewed Motion to

3   Dismiss, Braich's lawsuit against the KPMG Defendants should be dismissed.

4

5          Respectfully submitted, this 9th day of January, 2008.

6

7                                  YARMUTH WILSDON CALFO PLLC

8                                  By: /s/ *Jeremy E. Roller*
                                        Jeremy E. Roller, WSBA No. 32021
9                                  Fourth & Madison
                                   925 Fourth Avenue, Suite 2500
10                                 Seattle, WA  98104
                                   Phone: (206) 516-3800
11                                 Fax:    (206) 516-3888
                                   Email:  jroller@yarmuth.com
12
                                   Attorneys for KPMG Inc., KPMG LLP, Robert
13                                 Rusko, and David Wood

14

15

16

17

18

19

20

21

22

23

24

25

26