1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERWIN SINGH BRAICH,

                Plaintiff,

    v.

STEVE MITTELSTAEDT, et al.,

                Defendants.

CASE NO. 07-177BHS

ORDER GRANTING CITY OF
BELLINGHAM'S MOTION
FOR SUMMARY JUDGMENT

      This matter comes before the Court on Defendant the City of Bellingham's Motion
for Summary Judgment (Dkt. 85). Having considered the Defendant's motion, the
response by Plaintiff Erwin Singh Braich, and Defendant's reply, the Court hereby grants
summary judgment dismissing all claims against Defendant the City of Bellingham and
any John/Jane Doe Defendants who may be employed by the City for the following
reasons:

## I. SUMMARY JUDGMENT STANDARD

      Summary judgment is proper only if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there
is no genuine issue as to any material fact and the moving party is entitled to judgment as
a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a
matter of law when the nonmoving party fails to make a sufficient showing on an
essential element of a claim in the case on which the nonmoving party has the burden of

ORDER – 1

proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

Based in part on the reasoning contained in the Court's order issued December 5, 2007 (Dkt. 95) and Defendant's memorandum in support of summary judgment (Dkt. 85), the declarations submitted in support (Dkts. 86, 118), Plaintiff's declaration in opposition (Dkt. 98), Defendant's reply (Dkt. 117), the respective pleadings and the files herein, as well as the lack of any evidence beyond mere conjecture presented by Plaintiff that would allow this Court to find a disputed issue of material fact, the Court adopts the legal

arguments presented by Defendants concerning the various claims presented against the City of Bellingham.  The Court finds that there are no genuine issues of material fact with respect to any of the claims against Defendant the City of Bellingham and any John/Jane Doe Defendants who may be employed by the City.  As a result, summary judgment should be granted as a matter of law.

### III. ORDER

Therefore, it is **ORDERED** that Defendant the City of Bellingham's Motion for Summary Judgment (Dkt. 85) is hereby **GRANTED**.  All claims against the City of Bellingham and any John/Jane Defendants who may be employed by the City of Bellingham are hereby **DISMISSED with prejudice.**

DATED this 22nd day of January, 2008.


BENJAMIN H. SETTLE
United States District Judge

ORDER – 3