UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERWIN SINGH BRAICH,

    Plaintiff,

v.

STEVE MITTELSTAEDT, et al.,

    Defendants.

CASE NO. 07-177BHS

ORDER GRANTING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on State Defendants' Motion for Summary Judgment (Dkt. 76) submitted on behalf of Defendants State of Washington, Department of Financial Institutions, Tyler Letey, Shree Sharma, and Deborah Bortner ("State Defendants"). Having considered State Defendants' motion, the response by Plaintiff, and State Defendants' reply, the Court hereby grants summary judgment dismissing all claims against State Defendants for the following reasons:

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of

ORDER – 1

proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

Based in part on the reasoning contained in the Court's order issued on December 5, 2007 (Dkt. 95) and the State Defendants' memorandum in support of summary judgment (Dkt. 76), the affidavits of Martin Cordell (Dkt. 77), Tyler Letey (Dkt. 78), Shree Sharma (Dkt. 79), and Deborah Bortner (Dkt. 80), Plaintiff's declaration in opposition (Dkt. 98), State Defendant's reply (Dkt. 120), the respective pleadings of the parties and the records and files herein, as well as the lack of any evidence beyond mere

ORDER – 2

conjecture presented by Plaintiff that would allow this court to find a disputed issue of material fact, the Court adopts the legal arguments presented by State Defendants concerning the various claims presented against them.  The Court finds that there are no genuine issues of material fact with respect to any of the claims against State Defendants. As a result, summary judgment should be granted as a matter of law.

### III. ORDER

Therefore, it is **ORDERED** that State Defendants' Motion for Summary Judgment (Dkt. 76) is  hereby **GRANTED**.  All claims against State Defendants are hereby **DISMISSED with prejudice.**

DATED this 24th day of January, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 3