The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | | |
|---|---|---|
| ERWIN SINGH BRAICH, | ) | No. CV7 0177C |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **BRIAN G.N. McLEAN'S AND** |
| | ) | **McLEAN & ARMSTRONG LLP'S** |
| STEVE MITTELSTAEDT, et al, | ) | **RENEWED MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | **Note on Motion Calendar:** |
| | ) | **March 7, 2008** |
| _____ | ) | |

**I.    INTRODUCTION AND RELIEF REQUESTED**

By Order dated August 7, 2007, the Court conditionally denied motions to dismiss filed by Brian McLean and McLean & Armstrong LLP, as well as co-defendant KPMG, Inc. pending certain determinations by a Canadian court. Those determinations have now been made and dismissal is appropriate. In its order denying the McLean defendants' motion to dismiss, the Court ruled that

**BRIAN G.N. MCLEAN'S AND MCLEAN &**
**ARMSTRONG'S RENEWED MOTION TO DISMISS - 1**

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

Section 215[1] of Canada's Bankruptcy and Insolvency Act ("BIA") did not divest the Court of subject matter jurisdiction, but noted that it nonetheless may have the discretion to dismiss plaintiff's suit against the McLean defendants and KPMG under the doctrine of international comity. The Court held that such discretion depended upon two preconditions: (1) Section 215 must be determined to have extraterritorial reach, as a matter of Canadian substantive law;[2] and (2) the Court must conclude that it is appropriate to defer to the Canadian Court's desire to apply Section 215 extraterritorially on the basis of international comity. Order dated August 7, 2007 at 7:13-23. The Court noted that KPMG had already filed a motion seeking a declaration that plaintiff is required to obtain leave under Section 215 prior to bringing suit against the trustee and/or its agents in any forum, and an injunction prohibiting plaintiff from filing any suit against any party protected by Section 215 until leave was granted. Accordingly, the Court denied the defendants' motions but invited them to renew the motions after the Canadian court ruled upon KPMG's pending motion. The Court ordered the parties to supply it with a copy of the Canadian court's ruling regarding the extraterritorial application of Section 215.

The Supreme Court of British Columbia has now issued its ruling, concluding that Section 215 applies extraterritorially, and under Canadian law, is properly interpreted to extend its protections to agents of the trustee, including trustee's legal counsel—the McLean defendants. Accordingly, whether this Court should apply Section 215 as matter of international comity is ripe for decision.

---

[1] Section 215 states, "Except by leave of the court, no action lies against the Superintendent, an official receiver, an interim receiver or a trustee with respect to any report made under, or any action taken pursuant to this Act." *Declaration of Douglas Knowles in Support of KPMG Motion to Dismiss*, Ex. D.

[2] With regard to the McClean defendants, the Court further stated that whether Section 215 of the BIA should be extended to agents of the bankruptcy trustee was a question of substantive Canadian law, and that any guidance that the Canadian court could provide on the subject would be elucidating. Order at 10:4-9.

**BRIAN G.N. MCLEAN'S AND MCLEAN &
ARMSTRONG'S RENEWED MOTION TO DISMISS - 2**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

For the reasons stated below, the McLean defendants submit that dismissal of plaintiff's complaint is appropriate.

## II.  RELEVANT FACTS

To quickly refresh the Court's recollection of this matter, the background facts of this case are as follows. Erwin Braich was petitioned into bankruptcy in the Canadian courts in June 1999. Braich was determined to be bankrupt and KPMG, Inc. was appointed as trustee of the Braich estate. KPMG retained McLean & Armstrong and Brian Mclean as counsel to the trustee. *Canadian Ruling* at p.2, para 1.

In February 2007, Braich sued KPMG and the McLean defendants, among others, in this Court alleging that defendants participated in a conspiracy to conduct unconstitutional searches, seizures and the detention of Braich's property, depriving Braich of constitutional protections and violating various laws. *Complaint, generally.*

KPMG and the McLean defendants moved to dismiss the plaintiff's claims against them arguing, among other things, that plaintiff's claims were barred by his failure to obtain leave to sue the trustee or its agents (McLean defendants) pursuant to the Canadian Bankruptcy Insolvency Act, Section 215. As noted above, this Court denied the defendants' motions, pending a definitive answer from a Canadian court regarding the intended reach and scope of Section 215. *Order dated August 7, 2007.*

By order dated November 7, 2007, the Supreme Court of British Columbia by Chief Justice Brenner, entered its decision on KPMG's motion regarding the reach and application of Section 215

**BRIAN G.N. MCLEAN'S AND MCLEAN & ARMSTRONG'S RENEWED MOTION TO DISMISS - 3**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

of the BIA (herein "the Canadian Ruling").³ The Supreme Court held:

> I conclude that in the same manner that the BIA casts a duty on a bankruptcy trustee to carry out its duties beyond Canada's borders where necessary, so too does s. 215 confer on a trustee so engaged the statutory protection that leave must be obtained from the Canadian bankruptcy court before any action foreign or domestic is commenced against the trustee.

*Canadian Ruling* at p. 10, para. 34. This conclusion is consistent with the purpose behind Section 215, i.e., to protect the trustee against frivolous and vexatious actions and to allow for the proper and unmolested administration of the bankruptcy estate. The Canadian court also reasoned that such a conclusion was appropriate considering that trustees are required in the furtherance of their duties to act extraterritorially. *Id.* at p. 8 – 10.

The Supreme Court further concluded that because Braich alleges that the McLean defendants at all times acted within the scope and course of their employment for KPMG as trustee, the protections of Section 215 should be extended the McLean defendants. Justice Brenner wrote:

> In my view the benefits conferred on a trustee by s. 215 should also be conferred on its lawyer-agent acting within the scope of his duties in representing the trustee. When a lawyer is so acting under the BIA, there is an identity of interest between the trustee and its lawyer of the same nature that existed between Kuehne & Nagel and its employees in **London Drugs** and between the Crown and its agents in **Eldorado**. <u>McLean and his law firm are entitled to the protection of s. 215.</u>

*Id.* at p. 14 -15, paras. 50 - 51. (Bolding in the original; underlining added.)⁴ Elsewhere in the

---

³ This opinion was filed with the court in conjunction with the Third Status Report Regarding Related Proceedings in the Supreme Court of British Columbia and Renewed Request for Dismissal [Docket #72].

⁴ *London Drugs Ltd. v. Kuehne & Nagel International Ltd.*, [1992] 3 S.C.R. 299, involved the propriety of extending contractual exclusion or limitation clauses in favor of a corporation to the corporation's employees, acting within their scope of employment. The Supreme Court of Canada held that the contractual clauses protected the defendant company's employees as well as the company. The conclusion was supported by the obvious fact that a corporation can act only through its employees and the company and the employees have an identity of interest as regards the performance of the employer's contractual obligations. Similarly, in *R. v. Eldorado Nuclear Ltd.*, [1983] 2 S.C.R. 551, the Supreme Court of Canada concluded that the statutory immunity afforded to the Crown also extended to the Crown agents acting

**BRIAN G.N. MCLEAN'S AND MCLEAN & ARMSTRONG'S RENEWED MOTION TO DISMISS - 4**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

1  Canadian Ruling the court states, "It is this Court's opinion that Braich cannot advance any claims
2  including the Washington claim [Braich suit initiated on February 2, 2007 in the USDC for the
3  Western District of Washing at Seattle] against any of the Applicants [KPMG defendants and
4  McLean defendants] or any other party arising from his bankruptcy without first obtaining leave
5  from this Court as required by the provisions of s. 215 of the BIA." *Id.* at pp. 2, para. 2; 16, para. 56.
6  Thus, the Supreme Court of British Columbia filled this Courts need for an authoritative ruling
7  regarding the reach and scope of Section 215.
8
9  Having resolved the issue of the reach of Section 215, the KPMG defendants renewed their
10 motion to dismiss, arguing that this Court should give effect to Section 215 as a matter of interna-
11 tional comity and dismiss the plaintiff's claims against them. *KPMG Defendants' Renewed Motion*
12 *to Dismiss.*   KPMG argued that deference to Canada's view that Section 215 applies extraterri-
13 torially is appropriate considering that: (1) the purpose behind Section 215 is to protect the trustee
14 from frivolous and vexatious actions and no American interest would be served by allowing an
15 unjustified lawsuit; (2) the Canadian legal system is a sister common law jurisdiction that bears
16 striking similarities to the U.S. legal system and thus affords litigants appropriate due process
17 protections; (3) there is no conflict between Canadian and U.S. bankruptcy law here in that leave of
18 court is required before one may sue a bankruptcy trustee for actions arising from the trustee's
19 actions falling within the scope of his or her duties. *KPMG Defendants' Renewed Motion to Dismiss*
20 at pp. 10-11.
21
22
23
24 within the scope of public purposes that the Crown is entitled to pursue. Again, the fact that the Crown must act through
   its agents and that there was a perfect identity of interests between the Crown and its agent warranted the extension of
25 immunity.  *Id*. at pp. 11-12, and 14-15 discussing these cases.
26
27 **BRIAN G.N. MCLEAN'S AND MCLEAN &**
28 **ARMSTRONG'S RENEWED MOTION TO DISMISS - 5**

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

By order dated January 22, 2008, the Court granted KPMG defendants' Renewed Motion to Dismiss, dismissing Braich's claims against them without prejudice.

### III.     LEGAL ARGUMENT AND AUTHORITY

The McLean defendants hereby renew their motion to dismiss the plaintiff's claims against them.  In light of the fact that Canada intended Section 215 to apply extraterritorially, and that under Canadian law Section 215 applies and protects a trustee's agents including its legal counsel, the principles of international comity warrant dismissal.

Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws."  *Hilton v. Guyot*, 159 U.S. 113, 164 (1895).  Generally speaking, United States courts grant comity where it is shown that the foreign court is a court of competent jurisdiction, and that the laws and public policy of the forum state and the rights of its residents will not be violated.  *Allstate Life Ins. Co. v. Linter Group, Ltd*, 994 F.2d 996, 999 (2nd Cir. 1993).  "[A]s long as the foreign court abides by 'fundamental standards of procedural fairness', granting comity is appropriate."  *Id. citing Cunard S.S. Co. v. Salem Reefer Serv. AB*, 773 F.2d 452, 457 (2nd Cir. 1985).

Federal courts "have recognized that comity is particularly appropriate where . . . the court is confronted with foreign bankruptcy proceedings".  *Allstate Life Ins. Co.*, 994 F.2d at 999[5] *citing Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2nd Cir. 1987) ("American courts

---

[5]  In *Allstate Life Ins. Co. v. Litner Group Ltd,* the Second Circuit dismissed securities actions against an Australian corporation arising from a public offering in the United States on the ground of comity and in view of the pendency in Australia of liquidation proceedings.  The court noted that the Australian proceedings although not identical to United States bankruptcy proceedings were sufficiently similar that comity would not offend any laws or public policies of the United States.  *Id.* at 999-1000.

**BRIAN G.N. MCLEAN'S AND MCLEAN &
ARMSTRONG'S RENEWED MOTION TO DISMISS - 6**

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

have long recognized the particular need to extend comity to foreign bankruptcy proceedings."); *see also Cunard S.S. Co.*, 773 F.2d at 456 ("American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities."); *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624 (2nd Cir. 1976) (New York State courts recognize the statutory title of an alien trustee in bankruptcy so long as the foreign court has jurisdiction over the bankruptcy and the foreign proceeding has not caused injustice to New York citizens or prejudiced their statutory remedies, or violates laws of public policy.)  "'[U]nder general principles of comity . . . , federal courts will recognize foreign bankruptcy proceedings provided the foreign laws comport with due process and fairly treat the claims of local creditors.'"  *In re Petition of Davis*, 191 B.R. 577, 586 (Bkrtcy.S.D.N.Y. 1996) *quoting Victrix S.S. Co., S.A.*, 825 F.2d at 714.  A court's decision to extend comity to the laws, decisions or acts of a foreign country are discretionary and are therefore reversed only for abuse of discretion. *Allstate Life Ins. Co.*, 994 F.2d at 999.

Here, the foregoing authorities warrant granting comity to the Braich bankruptcy proceedings in Canada and the Canadian court's desire to apply Section 215 of the BIA extraterritorially.  First, there is no legitimate question regarding the Canadian court's jurisdiction or its competency.  Braich is a Canadian citizen.  He is subject to the Canadian court's jurisdiction.  Further, Canada has long been recognized as competent sister common law jurisdiction.  *See, e.g., Petition of Davis*, 191 B.R. at 587 ("Courts in the United States uniformly grant comity to Canadian proceedings.  This is consistent with the treatment accorded by federal courts to foreign proceedings in 'sister common law jurisdictions.'"); *Clarkson Co., Ltd.*, 544 F.2d at 630 (Canada is a sister common law jurisdiction with procedures akin to those in the United States.); *Cornfeld v. Investors Overseas Services, Ltd.*,

**BRIAN G.N. MCLEAN'S AND MCLEAN &**
**ARMSTRONG'S RENEWED MOTION TO DISMISS - 7**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

471 F. Supp. 1255 (S.D.N.Y 1979) aff'd, 614 F.2d 1286 (2nd Cir. 1979 (comity requires deferral to pending Canadian litigation proceeding.) Accordingly, exceptions to comity based upon injustice to the forum's citizens, prejudice to forum creditor's statutory remedies, or violation of the laws of policies of the forum state, are construed especially narrowly). Importantly, plaintiff does not allege that the Canadian court lacks jurisdiction over his bankruptcy case and he does not allege insufficient procedural due process protections in the laws of Canada respecting bankruptcies or suits against trustees or their agents. To the contrary, Section 215 specifically affords one seeking to sue a bankruptcy trustee the opportunity to be heard via a motion for leave to bring suit. Moreover, debtors aggrieved by actions of a trustee have direct recourse to the bankruptcy court under Section 37 of the BIA. Finally, plaintiff does not allege that fundamental standards of procedural fairness will not be extended to him in seeking leave of the Canadian court to sue the McLean Parties as agents of the bankruptcy trustee KPMG.

      Second, this Court's deference to Section 215 of the BIA would not violate the laws or the public policy of the United States or the state of Washington. It is important to note that United States bankruptcy law is similar to the BIA as regards the scope of the trustee's responsibilities and power, and preconditions to suits against trustees. *See, generally, Petition of Davis*, 191 B.R. at 587 discussing the analogous aspects of U.S. and Canadian bankruptcy laws. U.S. bankruptcy law entitles bankruptcy trustees to derived judicial immunity for actions taken with the bankruptcy court's approval. *In re Jackson*, 105 B.R. 542, 544-45 (9th Cir. (BAP) 1989). Furthermore, just like Section 215, under U.S. federal common law, an aggrieved party must obtain leave from the appointing bankruptcy court before it may sue a trustee for acts done in an official capacity and

BRIAN G.N. MCLEAN'S AND MCLEAN &
ARMSTRONG'S RENEWED MOTION TO DISMISS - 8

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

1  within the trustee's authority as an officer of the court.  *Id.* at 545, *citing Barton v. Barbour*, 104 U.S.
2  126, 136-37, 26 L.Ed. 672 (1881).  Accordingly, applying Canadian law and enforcing Section 215
3  would be consistent with U.S. law.
4      Additionally, Section 215 of the BIA does not violate and is, in fact, in line with federal and
5  Washington State's public policy of discouraging frivolous and vexations lawsuits.  More specifi-
6  cally Federal Rule of Civil Procedure 11 and Washington State Civil Rule 11 are designed to deter
7  frivolous and vexatious lawsuits and thus address the same public policy concern as Section 215 of
8  the BIA.  *See Fed.R.Civ.Pro. 11; Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531,
9  1536 (9th Cir. 1986) (One of the fundamental purposes of Rule 11 is to "reduce frivolous claims,
10 defenses or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and
11 unnecessary expense in litigation." (internal quotation marks and citations omitted)); *CR 11; Bryant
12 v. Joseph Tree, Inc.,* 119 Wn.2d 210, 220, 829 P.2d 1099 (1992) (CR 11 . . . is a deterrent to frivo-
13 lous pleadings.)  Moreover, deference to the Canadian court on these issues serves the objectives
14 established for the handling of cross-border insolvencies articulated in 11 U.S.C. Section 1501, e.g.,
15 cooperation between United States courts and trustees and courts and trustees of other competent
16 authorities of foreign countries involved in cross-border cases, greater legal certainty, fair and
17 efficient administration of cross-border insolvencies that protect the rights of all creditors, debtors
18 and other interested parties, and the protection and maximization of the debtor's assets.  In prior
19 briefings, plaintiff has failed to identify any actual conflict between Section 215 of the BIA and
20 federal or Washington law.  To the McLean defendants' knowledge, there is none.

**BRIAN G.N. MCLEAN'S AND MCLEAN &
ARMSTRONG'S RENEWED MOTION TO DISMISS - 9**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

Finally, Section 215 does not violate any of Braich's rights or the rights of any Washington citizen because, as this Court noted in its August 7, 2007 Order "[a]pplication of section 215 would not operate to bar Plaintiff's action completely . . . ; Plaintiff would simply have to seek leave to proceed with the action. The standard for granting leave does not appear to be terribly high—the law is designed to prevent bankruptcy trustees from being harassed by frivolous and baseless lawsuits." *Order dated August 7, 2007* at p. 12 n.7. Under Section 215, Braich will be afforded an opportunity to be heard regarding his claims that the bankruptcy trustee's conduct was somehow inappropriate. Deferring to Canadian law and the Canadian bankruptcy court makes profound sense in that the Canadian court is most familiar with the debtor, the pending bankruptcy case, and the authority of the Canadian trustee under Canadian law. *See Order dated August 7, 2007* at p. 12 n.7 (noting, "because of its familiarity with the course of the bankruptcy proceedings, the Canadian court is better equipped than this one to make the determination set out in section 215.")

Braich's protestations that his property or privacy rights have been violated and require immediate attention must be taken with a grain of salt. As an undischarged bankrupt, Braich is not entitled to possession of the assets of the bankruptcy estate under either Washington law or federal bankruptcy laws. Moreover, even if Braich's property or privacy rights were damaged by the conduct about which he complains, requiring him to first raise those issues with the Canadian court and obtain leave to sue does no further injustice or harm Mr. Braich. In sum, Mr. Braich cannot show that he has any interest that is superior to the Canadian court's interest in previewing any suit against a trustee or its counsel to avoid frivolous lawsuits that could negatively affect the Canadian bankruptcy proceedings.

**BRIAN G.N. MCLEAN'S AND MCLEAN & ARMSTRONG'S RENEWED MOTION TO DISMISS - 10**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

Requiring Mr. Braich to abide by the requirements of Section 215 is in no way "unfair" to Mr. Braich. It must not be forgotten that Braich is a citizen of British Columbia, Canada. *Complaint* at para. 15. As a citizen of British Columbia, he has enjoyed the protection of Canadian laws. Consequently, he must expect to also bear the burden of the application of Canadian bankruptcy law to his activities. Mr. Braich is subject to Canadian court jurisdiction and he should not be heard to argue otherwise. *Daniels v. Powell*, 604 F. Supp. 689, 693-94 (N.D.Ill. 1985) (rejecting arguments of controlling shareholder and director of Bermudan company that comity should not be extended to Bermudan liquidation proceedings when shareholder and director participated in decision to incorporate the business under the laws of Bermuda.)

## IV.   CONCLUSION

The government of Canada has a paramount interest in policing its bankruptcy system and its bankruptcy officials. Because Section 215 is a Canadian statute, Canadian courts are better suited than a United States court to make the threshold determination under Section 215 of whether a suit for alleged wrong doing by Canadian bankruptcy officials has actual merit and is neither frivolous nor vexatious. Further, Canadian bankruptcy law generally, and the process required by Section 215, afford Braich sufficient due process, are consistent with federal bankruptcy law, and are designed to achieve the same public policies of insulating bankruptcy officials from meritless suits, and deterring frivolous actions that have the power to derail pending bankruptcy proceedings as our federal and Washington State civil rules. Mr. Braich, a Canadian citizen, cannot demonstrate any paramount interests to those of the Canadian court system or adduce any evidence that application of Section 215 would unfairly imperil or damage any of his rights. Accordingly, all the considerations

**BRIAN G.N. MCLEAN'S AND MCLEAN &
ARMSTRONG'S RENEWED MOTION TO DISMISS - 11**

BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc

1  governing comity weigh heavily in favor of extending deference to Canadian bankruptcy law and
2  procedure by dismissing, without prejudice, Mr. Braich's claims against the McLean defendants.
3  Other federal courts have extended international comity to Canada regarding the application of
4  Section 215 of the BIA,[6] and the McLean defendants submit that this Court should do so as well.

A proposed order is submitted herewith.

DATED this 11th day of February, 2008.

BUCKNELL STEHLIK SATO & STUBNER, LLP

_____/s/ Jerry N. Stehlik_____
Jerry N. Stehlik, WSBA #13050
Andrea Orth, WSBA#24355
of Attorneys for Brian G.N. McLean and McLean & Armstrong, LLP

---

[6] *In re Petition of Davis*, 191 B.R. at 585 (granting permanent injunction against creditor enjoining him from commencing or continuing any action against Canadian trustee without first obtaining leave of court pursuant to Section 215 of the BIA).

**BRIAN G.N. MCLEAN'S AND MCLEAN & ARMSTRONG'S RENEWED MOTION TO DISMISS - 12**

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  •  fax (206) 587-0277

W:\CLIENTS\2713\103\RENEWED Motion to Dismiss.doc