The Honorable Benjamin H. Settle

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| ERWIN SINGH BRAICH, ) | No. CV7 0177C |
| Plaintiff, ) | |
| vs. ) | |
| STEVE MITTELSTAEDT, et al, ) | **REPLY IN SUPPORT OF McLEAN DEFENDANTS RENEWED MOTION TO DISMISS** |
| Defendant. ) | |

COME NOW, defendants Brian McLean and McLean & Armstrong LLP (hereafter collectively, "McLean") and hereby reply in support of their renewed motion to dismiss (hereafter "Motion"). Plaintiff's response purports to incorporate all "previously filed materials in this case when ruling on [McLean's] motions to dismiss." Such a response is not only unhelpful to the court, but essentially impossible to reply to. The response is no response at all and therefore pursuant to CR 7(b)(2) the court should deem the lack of response as an admission that the Motion has merit.

Furthermore, as to the merits of the Motion, the court has previously considered all of plaintiff's arguments in opposition to the basis for the Motion. The court considered the same issues in connection with the KPMG defendants' renewed motion to dismiss [Docket 93] which this court

Reply in Support of McLean Defendants
Renewed Motion to Dismiss - 1

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\renewed dismissal motion reply.doc

1  granted by order dated January 22, 2008. The substantive issues presented and resolved by KPMG's
2  renewed motion to dismiss are virtually identical to the substantive issues raised by McLean's
3  renewed motion for dismissal. The one additional question, is whether the protections of § 215 of
4  the Canadian Bankruptcy and Insolvency Act may apply to a Canadian bankruptcy trustee's counsel
5  (in this case McLean). This question was resolved by the Canadian bankruptcy court in McLean's
6  favor. Having determined that deference should be paid to the Canadian court's determination on the
7  extraterritorial application of § 215, there is no open question yet to resolve that would prevent
8  dismissal of the complaint against the McLean defendants.

    In that the plaintiff makes no specific arguments in response to the Motion, McLean will not burden the court with reiteration of its initial argument. McLean refers the court to the arguments raised in its Motion and the arguments and material submitted by the KPMG defendants in their reply in support of their renewed motion to dismiss.

    The McLean defendants respectfully submit that by virtue of the analysis and conclusions leading to the January 22, 2008 order dismissing the KPMG defendants the court should similarly dismiss the McLean defendants. The basis for the KPMG defendant's motion is the same as the basis for the McLean defendant's motion and the same result should obtain in both instances.

    RESPECTFULLY submitted this 7th day of March, 2008.

BUCKNELL STEHLIK SATO & STUBNER, LLP

    /s/ Jerry N. Stehlik
Jerry N. Stehlik, WSBA #13050
of Attorneys for McLean Defendants

Reply in Support of McLean Defendants
Renewed Motion to Dismiss - 2

**BUCKNELL STEHLIK SATO & STUBNER, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

W:\CLIENTS\2713\103\renewed dismissal motion reply.doc