1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

ERWIN SINGH BRAICH,

10                    Plaintiff,                          CASE NO. 07-177BHS

11        v.

12   STEVE MITTELSTAEDT; and KEITH                       ORDER GRANTING
     M. OLSON, et al.,                                   DEFENDANTS' MOTION
13                                                       FOR SUMMARY JUDGMENT
                     Defendants.
14

15        This matter comes before the Court on Defendants' Motion To Dismiss or, in the

16   Alternative, for Summary Judgment (Dkt. 137).  Having considered Defendants Steven

17   Mittelstaedt and Keith Olson's motion, and no response having been filed by Plaintiff, the

18   Court hereby grants summary judgment dismissing all remaining claims against these

19   Defendants for the reasons stated herein.

20                            **I. SUMMARY JUDGMENT STANDARD**

21        Summary judgment is proper only if the pleadings, depositions, answers to

22   interrogatories, and admissions on file, together with the affidavits, if any, show that there

23   is no genuine issue as to any material fact and the moving party is entitled to judgment as

24   a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a

25   matter of law when the nonmoving party fails to make a sufficient showing on an

26   essential element of a claim in the case on which the nonmoving party has the burden of

27   proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

28

ORDER – 1

fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

Based in part on the reasoning contained in the Court's order issued on December 5, 2007 (Dkt. 95) and the Defendants' memorandum in support of summary judgment (Dkt. 137), the previous orders of the Court (Dkts. 125, 126), and the records and files herein, as well as the lack of any evidence beyond mere conjecture presented by Plaintiff that would allow this court to find a disputed issue of material fact, the Court adopts the legal arguments presented by Defendants concerning the various claims presented against them.  The Court finds that there are no genuine issues of material fact with respect to any

of the remaining claims against Defendants.  As a result, summary judgment should be granted as a matter of law.

## III. ORDER

Therefore, it is **ORDERED** that Defendants' Motion To Dismiss or, in the Alternative, for Summary Judgment (Dkt. 137) is hereby **GRANTED**.  All claims against Defendants Steven Mittelstaedt and Keith Olson are hereby **DISMISSED with prejudice.**

DATED this 12th day of May, 2008.


BENJAMIN H. SETTLE
United States District Judge

ORDER – 3